John Henry JOHNSON, Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 01–95–00440–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 11, 1996.

Stavis Gilbreath, Houston, for Appellant.

John B. Holmes Jr., Alan Curry, Derek Adame, Houston, for Appellee.

Before COHEN, HEDGES and MIRABAL, JJ.

## OPINION

MIRABAL, Justice.

Appellant, John Henry Johnson, Jr., appeals his conviction for DWI. We affirm.

The issue in this case is whether the administrative suspension of the driver's license of one who refuses to take a breath test after being arrested for driving while intoxicated (DWI), constitutes a bar to prosecution for DWI on the basis of double jeopardy.

The record shows that on January 24, 1995, a Houston police officer clocked appellant driving 86 miles-per-hour in a 55–mile-per–hour zone on the North Loop West Freeway in Houston. Appellant smelled of alcohol about his person, his eyes were blood-shot, and his coordination was poor while performing field sobriety tests. After being arrested, appellant refused to submit to an intoxilyzer test or give a blood sample. Based on appellant's refusal to give either a breath or blood specimen, appellant was issued a notice of suspension which informed him that his Texas driver's license privilege would be suspended, effective 40 days after

the date he received the notice. It also informed appellant of his right to request a hearing to contest the suspension. A hearing was set and appellant was notified of the date, place and time of the hearing.

On March 3, 1995, an administrative judge conducted the hearing. The administrative judge found that appellant's license should be suspended for 90 days and signed a written decision, including findings of fact and conclusions of law.

Meanwhile, on January 24, 1995, an information was filed against appellant in cause number 9503329, alleging that on January 24, 1995, appellant did then and there unlawfully while intoxicated, namely not having the normal use of his mental and physical faculties by the reason of the introduction of alcohol into his body, drive and operate a motor vehicle in a public place.

Appellant filed an application for writ of habeas corpus in cause number 9503329 asserting a double jeopardy bar of his DWI prosecution on the basis of already having been punished by his driver's license suspension. On April 18, 1995, the trial court held a hearing. Appellant introduced a copy of the administrative judge's findings of fact and conclusions of law in cause number 95–03–10125; a copy of the probable cause affidavit; the notice of suspension; a copy of the police officer's DWI statutory warning; and the information charging appellant with DWI in cause number 9503329. The trial court denied habeas corpus relief.

In his sole point of error, appellant asserts that his right to be free from being twice placed in jeopardy of life or limb for the same offense is being violated by the information and complaint in cause number 9503329, charging DWI, where appellant has been punished previously by having his driver's license automatically suspended pursuant to article 6701*l*–5 section 2(i). TEX.REV. CIV.STAT.ANN. art. 6701*l*–5, § 2(i) (Vernon Supp.1995).

■ The double jeopardy clause of the fifth amendment [1] protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prose-

cution for the same offense after conviction; and multiple punishments for the same offense. *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). This case involves the third prong of these protections. Appellant also relies upon article one, section 14 of the Texas Constitution. However, no bifurcated analysis is necessary because the state constitution has been construed to give no greater protection than the federal constitution in regard to double jeopardy. *Stephens v. State*, 806 S.W.2d 812, 815 (Tex.Crim.App. 1990).

Appellant asserts that the suspension of his license pursuant to the administrative license revocation statute constitutes punishment and serves no remedial purpose. By virtue of his driver's license suspension, appellant argues that he has already been punished for DWI and, therefore, has the right not to be prosecuted or punished again for the same offense. Appellant argues that: (1) the license suspension is punishment; (2) accomplished by a separate proceeding from the criminal prosecution; and (3) for the same offense.

■ When a defendant claims that a subsequent prosecution for the same conduct would result in double jeopardy, we look to the "same-elements" test set out in *Blockburger v. United States*, 284 U.S. 299, 303–04, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). The "same-elements" test involves determining whether each statutory provision under which a defendant would be prosecuted requires proof of a fact which the other does not. *Blockburger*, 284 U.S. at 304, 52 S.Ct. at 182. "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Id.*

The implied consent statute, article 6701*l*–5, section one, provides that any person operating a motor vehicle in this state is deemed to have given consent to submit to the taking

1. U.S. CONST. amend. V.

of one or more specimens of his breath or blood for the purpose of determining the alcohol concentration in his body. TEX.REV. CIV.STAT.ANN. art. 6701*l*-5, § 1 (Vernon Supp.1995)[2]. The statute further states that the specimen shall be taken at the request of a peace officer having reasonable grounds to believe the person to have been driving in a public place in this state while intoxicated. *Id.* If a person under arrest refuses to give a specimen, that person's license shall be suspended. TEX.REV.CIV.STAT.ANN. art. 6701*l*, § 2(i) (Vernon Supp.1995). Under the statute, the driver need not necessarily be intoxicated; the statute requires only that the requesting officer *reasonably believe* the driver to be intoxicated in order for a specimen to be requested. The administrative judge specifically found that reasonable suspicion existed to stop appellant; the police officer had probable cause to believe appellant was driving while intoxicated; and after appellant was arrested, he refused to take a properly requested breath test.

Under Texas Penal Code section 49.04(a), for which appellant is charged in cause number 9503329, "[a] person commits the offense [of DWI] if the person is intoxicated[3] while operating a motor vehicle in a public place." TEX.PENAL CODE ANN. § 49.04(a) (Vernon 1994).

■ Appellant's 90 day license suspension in cause number 95–03–10125 was in response to his *refusal* to give a breath specimen after an officer, with probable cause for the DWI arrest, requested the specimen; proof of actual intoxication was not required. Further, proof of a refusal to give a blood or breath specimen is not required for the criminal offense of driving while intoxicated as charged in cause number 9503329. Accordingly, under the *Blockburger* "same-elements" test, the double jeopardy bar does not apply here.

**2.** We note that article 6701*l*-5 has been repealed effective September 1, 1995; however, the facts in this case arose prior to this date.

**3.** Section 49.01 of the Texas Penal Code defines "intoxicated" as:
(A) not having the normal use of mental or physical faculties by reason of the introduction

We overrule appellant's sole point of error and affirm the judgment.

of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body: or
(B) having an alcohol concentration of 0.10 or more.
TEX.PENAL CODE ANN § 49.01 (Vernon 1994).