**Stacy Stalinsky VOISINET, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–95–00701–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 12, 1995.

Rehearing Overruled Nov. 16, 1995.

Discretionary Review Granted
Jan. 17, 1996.

Michael Clark Gross, Houston, for appellant.

Alan Curry, Houston, for appellee.

Before HUDSON, EDELMAN and ELLIS *, JJ.

## OPINION

ELLIS, Justice.

This is an appeal from a denial of a pre-trial writ of habeas corpus. We affirm.

On January 1, 1995, appellant was stopped by a police officer for driving fifty-one miles per hour in a thirty-five mile per hour speed limit area. She failed field sobriety tests and a breathalyzer indicated that she had an alcohol concentration of 0.139.[1] She was served with notice of a sixty-day driver's license suspension. *See* TEX.REV.CIV.STAT. ANN. art. 6687b-1 § 2 (Vernon Supp.1995). In February, appellant appealed the suspension to the State Office of Administrative Hearings (SOAH). *See id.* § 7. The SOAH administrative judge found that the officer had reasonable suspicion to make the stop and probable cause to arrest because:

1. appellant admitted to drinking four glasses of wine;

2. the officer smelled alcohol on appellant's breath; and

3. appellant failed the field sobriety tests.

Based on these findings, the administrative judge upheld the sixty day suspension and required appellant to pay an additional $100 "reinstatement fee" to the Department of Public Safety.

On January 1, 1995, appellant was charged by information with driving while intoxicated. TEX.PENAL CODE ANN. § 49.04 (Vernon 1994). Before trial, appellant applied for a writ of habeas corpus arguing that she would be subjected to double jeopardy if the criminal action was allowed to proceed. The trial court denied the writ. Appellant appeals the trial court's decision and contends in two points of error that the continuation of the criminal prosecution would violate the Texas and Federal Constitutions. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 14.

Appellant argues that she would be subjected to multiple prosecutions and multiple punishment for the same offense. *See Witte v. United States,* — U.S. ——, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995); *United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989); *Watson v. State,* 900 S.W.2d 60 (Tex.Crim.App.1995). Appellant's arguments are pretermitted, however, because the proceedings before the administrative judge do not amount to "an offense" for double jeopardy purposes. *See Walton v. State,* 831 S.W.2d 488, 491 (Tex. App.—Houston [14th Dist.] 1992, no pet.) ("Suspension of a person's driver's license does not constitute an 'offense' for purposes of a defendant's protection against double jeopardy and, therefore, cannot be the 'same offense' as driving while intoxicated"); *Burrows v. Texas Dep't of Pub. Safety,* 740 S.W.2d 19, 20–21 (Tex.App.—Dallas 1987, no writ) (holding that the Texas and the Federal Constitution's double jeopardy clauses do not apply to driver's licenses administrative proceedings); *see also State v. Aguilar,* 901 S.W.2d 740 (Tex.App.—San Antonio 1995, pet. granted); *State v. Brabson,* 899 S.W.2d 741, 745 (Tex.App.—Dallas 1995, no pet.). The statutes governing license suspensions

---

* Former Justice George T. Ellis sitting by assignment.

1. A person is legally intoxicated if the person's alcohol concentration is 0.10 or more. *See* TEX.PENAL CODE ANN. § 49.01(2)(B) (Vernon 1994).

are not criminal statutes. Instead, suspension statutes address the

administrative and regulative power vested in the Texas Department of Public Safety which [protects] the lives and property of those using the highways. A driver's license is not suspended for the purpose of visiting additional punishment upon an offender but in order to protect the public against incompetent and careless drivers.

*Raitano v. Texas Dep't of Pub. Safety,* 860 S.W.2d 549, 551 (Tex.App.—Houston [1st Dist.] 1993, writ denied) (quoting *Texas Dep't of Pub. Safety v. Richardson,* 384 S.W.2d 128, 132 (Tex.1964)).

Because appellant's arguments are incorrectly premised on the fact that the administrative hearing and a subsequent prosecution are the "same offense," the trial court properly rejected her double jeopardy argument and denied the writ of habeas corpus. Accordingly, appellant's two points or error are overruled and the judgment of the trial court is affirmed.