Thad **CHAMPAGNE**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 09–95–145 CR.

Court of Appeals of Texas,
Beaumont.

Submitted Jan. 4, 1996.

Decided March 6, 1996.

Tom Mulvaney, Strong, Pipkin, Nelson & Bissell, Beaumont, for appellant.

Tom Maness, Criminal District Attorney, Rodney D. Conerly, Assistant Criminal District Attorney, Beaumont, for State.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This is an appeal from the denial of appellant's pre-trial Application for Writ of Habeas Corpus. On October 29, 1994, appellant was arrested for the offense of driving while intoxicated in Jefferson County, Texas. On the same day the arresting officer requested that appellant submit to the taking of a specimen of appellant's breath for the purpose of analysis to determine the alcohol concentration or the presence of a controlled substance or drug in appellant's body. Appellant, after a warning, refused to give a specimen. Appellant was then released from custody on bond.

On November 17, 1994, a complaint and information were filed in the County Court at Law No. 2 of Jefferson County, Texas, Cause No. 181,606, styled *The State of Texas vs. Thad Champagne*, charging appellant with the offense of driving while intoxicated ("DWI"). Appellant remains on the original bond pending disposition of the DWI charge.

On April 12, 1995, in Port Arthur, Texas, Judge Thurman Bartie, Justice of the Peace, Precinct No. 8, Jefferson County, Texas, after a hearing conducted under docket number C–116, styled *Texas Department of Public Safety vs. Thad Champagne*, probated the suspension of appellant's Texas driver's license for a period of three months for appellant's refusal to give a breath specimen. TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, sec. 2(i) (Vernon Supp.1995).[1] This hearing was held in compliance with TEX.REV.CIV.STAT.ANN. arts. 6701*l*–5, sec. 2(f) and 6687b § 22(a) (Vernon Supp.1995)[2].

On May 1, 1995, appellant filed his Application for Writ of Habeas Corpus in the County Court at Law No. 2 case, seeking release from the DWI charge pending therein on the basis of double jeopardy. Appellant contends since he has been previously punished by reason of the probating of the suspension of the Texas driver's license by Judge Thurman Bartie, double jeopardy attaches in the separate proceeding for the same conduct alleged in the information accusing appellant of DWI.

Appellant's one point of error urges:

Appellant's Application for Writ of Habeas Corpus should be granted on double jeopardy grounds because the suspension of a person's driver's license under Texas law for failure to give a breath specimen in connection with an arrest for DWI bars a subsequent prosecution for DWI.

▆▆▆▆ Appellant has brought forth an excellent brief submitting his argument and authorities upholding his contention that he has been placed in double jeopardy and that the continuation of the criminal prosecution would violate the Texas and United States Constitutions. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 14. The Court of Criminal Appeals has recognized that the Federal and State constitutional provisions are identical. *Phillips v. State*, 787 S.W.2d 391, 393, n. 2 (Tex.Crim.App.1990). However, this very same issue has been presented to four other courts of appeals. *Arnold v. State*, 920 S.W.2d 704 (Tex.App.—Houston [1st Dist.] 1996, no pet. h.); *Johnson v. State*, 920 S.W.2d 692 (Tex.App.—Houston [1st Dist.] 1996, no pet. h.); *Ex parte Tharp*, 912 S.W.2d 887 (Tex.App.—Fort Worth 1995, pet. filed); and *Voisinet v. State*, 909 S.W.2d 262 (Tex.App.—Houston [14th Dist.] 1995, pet. granted). While the reasoning varies in each of these cases, the conclusion is the same— that the driver's license suspension does not constitute punishment. Therefore, the subsequent prosecution for DWI offense is not double jeopardy in violation of the Texas and United States Constitution.

---

1. References in this opinion to Texas Revised Civil Statutes Annotated provisions were repealed effective September 1, 1995. However, the facts of the instant case arose prior to the repeal date. With regard to art. 6701*l*–5, sec. 2(8), *see now* TEX.TRANSP.CODE ANN. § 724.035 (Vernon Pamp.1996).

2. With regard to art. 6701*l*–5, sec. 2(f), *see now* TEX.TRANSP.CODE ANN. §§ 724.031–724.047 (Vernon Pamp.1996); and with regard to art. 6687b § 22(a), *see now* TEX.TRANSP.CODE ANN. §§ 521.291–521.294 (Vernon Pamp.1996).

We note in reaching this conclusion that the recent United States Supreme Court pronouncements in *Department of Revenue of Montana v. Kurth Ranch,* 511 U.S. ——, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994); *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993); *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989); and, of course, *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), have been scrutinized by our sister courts of appeals and analyzed in depth.

Our analysis of the issues before us and our interpretation of the statutes involved lead us to concur with the findings of our sister courts that the driver's license suspension under art. 6701*l*-5, sec. 2(i) does not constitute punishment for double jeopardy purposes. And, therefore, a prosecution under TEX.PENAL CODE ANN. § 49.04 (Vernon 1994), following a driver's license suspension under art. 6701*l*-5, sec. 2(i), does not violate the protection against multiple punishments found in the Fifth Amendment to the United States Constitution.

The implied consent statute, art. 6701*l*-5, sec. 1, provides that any person operating a motor vehicle in this state is deemed to have given consent to submit to the taking of one or more specimens of his breath or blood for the purpose of determining the alcohol concentration in his body. TEX.REV.CIV.STAT. ANN. art. 6701*l*-5, sec. 1 (Vernon Supp.1995).

The offense of driving while intoxicated with which the appellant is charged is defined as follows: "A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place." TEX.PENAL CODE ANN. § 49.04(a) (Vernon 1994).

To suspend a driver's license for failure to give a specimen the following must be established at the administrative hearing:

If, upon such hearing the hearing officer finds (1) that probable cause existed that such person was driving or in actual physical control of a motor vehicle in a public place while intoxicated, (2) that the person was placed under arrest by the officer and was offered an opportunity to give a specimen under the provisions of this Act, and

(3) that such person refused to give a specimen upon request of the officer, then the Director of the Texas Department of Public Safety shall suspend the person's license or permit to drive. . . .

TEX.REV.CIV.STAT.ANN. art. 6701*l*-5, sec. 2(f).

*Voisinet v. State,* 909 S.W.2d at 263, held that there is no jeopardy bar because "[t]he statutes governing license suspensions are not criminal statutes." Therefore, the proceedings before the administrative judge do not amount to an offense for double jeopardy purposes. The Fourteenth Court concluded that the administrative hearing and a subsequent prosecution for DWI are not the same offense, and that the suspension statutes are addressed to the "administrative and regulative power vested in the Texas Department of Public Safety which [protects] the lives and property of those using the highways. A driver's license is not suspended for the purpose of visiting additional punishment upon an offender but in order to protect the public against incompetent and careless drivers." *Id.* at 264.

In *Johnson v. State, supra,* the First Court concluded: "Appellant's 90 day license suspension in cause number 95–03–10125 was in response to his *refusal* to give a breath specimen after an officer, with probable cause for the DWI arrest, requested a specimen; proof of actual intoxication was not required. Further, proof of a refusal to give a blood or breath specimen is not required for the criminal offense of driving while intoxicated as charged in cause number 9503329. Accordingly, under the *Blockburger* "same-elements" test, the double jeopardy bar does not apply here. (emphasis added) *Johnson,* 920 S.W.2d at 693.

In *Tharp, supra,* the Second Court of Appeals concluded that the law of Texas is that a driver's license is not a right but a privilege and revocations and suspensions of drivers' licenses are not intended as punishment but are designed solely for the protection of the public. The "administrative suspension or revocation of a driver's license has traditionally been viewed as remedial action initiated by the need to protect the public by removing dangerous drivers from the streets, and

not as punishment for committing a criminal offense or traffic violation." *Id.* at 891.

The Second Court observed that the normal purpose behind license revocation, regardless of the variety of license involved, is to protect the public from persons who through the use of their licenses have endangered or harmed others. Removing from offenders their license to engage in the activity when they have displayed an inability to make proper and safe use of the privilege is a common sense and practical approach to insuring that they will not endanger the public in the future. "We find that despite the statute's drawbacks and punitive characteristics, it still primarily furthers the State's remedial goal of quickly protecting the public from drunk drivers. The extent to which it furthers the goals of punishment does not rise to the level necessary to label the statute punitive in nature." *Id.* at 894.

In *Arnold v. State,* 920 S.W.2d at 717, "the 60–day license suspension in this case is unlike any of these property takings. It is not grossly disproportionate to the seriousness of the crime. It is 'rough remedial justice' for one reasonably suspected of driving drunk.... We believe that *Halper, Austin,* and *Kurth Ranch* are 'fact' cases. The government lost because it overreached. A 60–day suspension is not overreaching, and an innocent defendant could shorten even that time by obtaining a speedy trial and winning an acquittal."

We find that art. 6701*l* –5, sec. 2(i) primarily furthers the State's remedial goal of quickly protecting the public from drunk drivers. The extent to which it furthers the goals of punishment does not rise to the level necessary to label the statute punitive in nature.

We hold that the driver's license suspension under art. 6701*l* –5, sec. 2(i) does not constitute punishment for double jeopardy purposes. Moreover, a prosecution under Tex.Penal Code Ann. § 49.04, following a driver's license suspension under art. 6701*l* – 5, sec. 2(i), does not violate the protection against multiple punishments found in the Fifth Amendment to the United States Constitution.

Therefore, we conclude that the trial court did not err in rejecting appellant's double jeopardy argument and denying the writ of habeas corpus. Accordingly, we overrule appellant's point of error and affirm the judgment of the trial court.

AFFIRMED.