**Ex parte Virgilio H. MATA.**

**No. 13–95–415–CR.**

Court of Appeals of Texas, Corpus Christi.

June 6, 1996.

Richard W. Rogers, III, Corpus Christi, for appellant.

Carl Lewis, Laura Garza Jimenez, Corpus Christi, for appellee.

Before DORSEY, CHAVEZ and RODRIGUEZ, JJ.

## OPINION

DORSEY, Justice.

Virgilio Humberto Mata appeals from the trial court's denial of his writ of habeas corpus. Mata sought the writ on double jeopardy grounds to prevent his prosecution for driving while intoxicated ("DWI").[1] Mata asserts that he had already been punished for his offense by having his driver's license suspended through administrative license revocation ("ALR").[2] We affirm.

Mata was arrested for DWI in Port Aransas, Texas on January 20, 1995. He submitted to a breathalyzer test, which revealed blood alcohol concentrations of .126 and .135 percent.[3] Mata's driver's license was subsequently suspended for sixty days pursuant to the ALR statute. Some ten days after his arrest, Mata was charged by information with misdemeanor DWI. Before his case came to trial, Mata sought a writ of habeas corpus, arguing that he had already been punished for his DWI by having his license suspended and that his criminal prosecution for the same offense would therefore violate his constitutional protections against double jeopardy. The trial court denied his writ of habeas corpus, and this appeal ensued.

---

1. Tex. Penal Code Ann. art. 49.04 (Vernon 1994 & Supp.1996).

2. Tex.Rev.Civ. Stat. Ann. art. 6687b–1, *now codified as* Tex. Transp. Code Ann. § 524.011 *et seq.* (Vernon Pamph.1996).

3. The maximum legal blood alcohol concentration while driving in a public place is less than .10 percent. *See* Tex. Penal Code Ann. §§ 49.01(2)(B), 49.04(a) (Vernon 1994 & Supp. 1996).

■ The Double Jeopardy Clause of the United States Constitution protects against three things: (1) a second prosecution for the same offense after an acquittal; (2) a second prosecution for the same offense after a conviction; and (3) multiple punishments for the same offense. *United States v. Halper*, 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). The third of these proscribed abuses forms the basis of Mata's claim. We must therefore determine whether having one's driver's license administratively suspended due to registering above the legal limit on a breathalyzer test amounts to a "punishment" such that double jeopardy is implicated. We hold that it does not.

■ Courts in Texas [4] and around the country [5] have examined this issue in recent months. All have determined that double jeopardy protections are not violated. However, these opinions reach that common conclusion by several different paths. The differing theories reflect the current confusion regarding double jeopardy issues which has been stirred up by the United States Supreme Court in *Halper* and the subsequent cases of *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and *Department of Revenue of Montana v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994).

For example, in *Voisinet v. State*, 909 S.W.2d 262 (Tex.App.—Houston [14th Dist.] 1995, pet. granted), the court determined that double jeopardy was not implicated because ALR is not an "offense," and therefore cannot be the "same offense" contemplated in *Halper*. *Id.* at 263.

In *Ex Parte Tharp*, 912 S.W.2d 887 (Tex. App.—Fort Worth 1995, pet. granted), on the other hand, the court determined that prosecution for DWI in addition to having one's driver's license suspended through the ALR statute did not constitute double jeopardy because the suspension did not constitute "punishment" for double jeopardy purposes. *Id.* at 894.

Finally, in *Arnold v. State*, 920 S.W.2d 704 (Tex.App.—Houston [1st Dist.] 1996, no pet. hist.), the court held that, although the ALR statute and the DWI statute define the same offense,[6] and although the ALR statute is at least partly punitive in nature, policy considerations and a narrow reading of United States Supreme Court precedents lead to the determination that double jeopardy is not implicated.

■ Historically governments have granted licenses, charters and permits of various types as aids in regulating the activities of its citizens and others who conduct endeavors within the jurisdiction. The right of the government to so regulate is part of its police powers to secure the health, protection, and well being of its citizens. The license, permit, or charter is the authorization of the government to conduct certain businesses or professions or otherwise engage in particular activities. The license or permit is a means of the government to assure that certain criteria are met by the one who wishes to conduct those activities. The criteria vary with the nature of the activity and the goals of the regulating government.

4. *See, e.g.*, *Ex parte Lee Elvin Arnold, Jr.*, 916 S.W.2d 640 (Tex.App.—Austin 1996, no pet. hist.); *Helber v. State*, 915 S.W.2d 955 (Tex. App.—Houston [1st Dist.] 1996, no pet. hist.); *Arnold v. State*, 920 S.W.2d 704 (Tex.App.—Houston [1st Dist.] 1996, no pet. hist.); *Voisinet v. State*, 909 S.W.2d 262 (Tex.App.—Houston [14th Dist.] 1995, pet. granted); *Ex Parte Tharp*, 912 S.W.2d 887 (Tex.App.—Fort Worth 1995, pet. granted).

5. *State v. Nichols*, 169 Ariz. 409, 819 P.2d 995, 998 (App.1991); *Davidson v. MacKinnon*, 656 So.2d 223, 224 (Fla. 5th Dist.Ct.App.1995); *Gomez v. State*, 621 So.2d 578 (Fla. 3rd Dist.Ct.App. 1993); *Freeman v. State*, 611 So.2d 1260, 1261 (Fla. 2d Dist.Ct.App.1992); *State v. Higa*, 79 Ha-

wai'i 1, 897 P.2d 928, 933–34 (1995); *State v. Maze*, 16 Kan.App.2d 527, 825 P.2d 1169, 1174–75 (1992); *Butler v. Department of Public Safety & Corrections*, 609 So.2d 790, 797 (La.1992); *Johnson v. State*, 95 Md.App. 561, 622 A.2d 199, 205–06 (1992); *State v. Hanson*, 532 N.W.2d 598, 602 (Minn.Ct.App.1995); *State v. Young*, 3 Neb.App. 539, 530 N.W.2d 269, 278 (1995); *State v. Cassady*, 140 N.H. 46, 662 A.2d 955, 958, 959 (1995); *State v. Sims*, No. CA94–12–215, 1995 WL 493291 at *7 (Ohio.Ct.App. August 21, 1995) (unpublished opinion); *State v. Miller*, No. 2–94–32, 1995 WL 275770 at *3 (Ohio.Ct.App. May 12, 1995) (unpublished opinion); *State v. Strong*, 158 Vt. 56, 605 A.2d 510, 514 (1992).

6. *Contra Voisinet*, 909 S.W.2d at 263.

Once valid criteria are established in the exercise of its police power, a government may properly refuse the issuance of licenses or permits to applicants who do not meet those criteria. Similarly, once the permit has been granted, the holder may be subject to certain requirements in order to keep it. If the permit is revoked the former activity may not lawfully be performed. This is to ensure the health and welfare of those who might be adversely affected by the failure of the permit holder to meet those established requirements.

The granting of licenses and permits are generally held to be privileges and not rights, although if one meets the criteria set in order to obtain a permit or license, it may not be lawfully refused. It becomes a right. *See* TEX. TRANSP. CODE ANN. § 521.181 (Vernon Pamph. 1996) ("On payment of the required fee, the department *shall* issue to each qualifying applicant a driver's license ....")(emphasis added); *see also Department of Public Safety v. Robertson*, 203 S.W.2d 950, 952 (Tex.Civ.App.—Eastland 1947, no writ) (noting that the department cannot arbitrarily or capriciously refuse to issue a driver's license). The license to drive has often been spoken of by courts as "a privilege and not a right." *E.g., Texas Dep't of Pub. Safety v. Schaejbe*, 687 S.W.2d 727, 728 (Tex.1985); *Raitano v. Texas Dep't of Pub. Safety*, 860 S.W.2d 549, 551 (Tex.App.— Houston [1st Dist.] 1993, writ denied). It is usually viewed as a privilege when its revocation is being challenged. *E.g., Arnold, supra*, 920 S.W.2d at 707. The setting of qualifications of drivers on its highways is properly an activity of the State of Texas. As such it grants licenses to drive and revokes licenses of unqualified drivers. *See Coyle v. State*, 775 S.W.2d 843, 846 (Tex.App.—Dallas 1989, no pet.). It may regulate, grant, and revoke licenses to drive on its highways in order to protect the welfare of other users of its streets and highways.

Appellant argues that the administrative suspension of his driver's license as a result of a breath test showing him to be intoxicated is punishment so as to bar his prosecution for driving while intoxicated. We disagree. The suspension of his privilege to drive for sixty days is a valid remedial tool for protecting the public from drunken drivers in Texas. It should not bar prosecution and punishment for Driving While Intoxicated.

Appellant's sole point of error is overruled. The denial of the Writ of Habeas Corpus is AFFIRMED.