**Ex parte Robert W. GEE**

**No. 01–95–01056–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

July 3, 1996.

Jim Steele, Houston, for Appellant.

John B. Holmes, Houston, for Appellee.

Before HUTSON–DUNN, O'CONNOR and TAFT, JJ.

**OPINION**

HUTSON–DUNN, Justice.

This is an accelerated appeal. Appellant, Robert W. Gee, appeals the denial of his pretrial application for writ of habeas corpus. The issue in this case is whether the administrative suspension of a driver's license for the refusal to submit to a breath test constitutes a bar to prosecution for driving while intoxicated (DWI) on the basis of double jeopardy. We hold it does not. We affirm.

On April 15, 1995, appellant was arrested for driving while intoxicated. A peace officer

asked appellant to give a breath sample to determine his blood alcohol level, and appellant refused. An administrative judge suspended appellant's driver's license for refusing to take the breath test.[1]

The State then filed an information that charged appellant with driving while intoxicated, also on April 15, 1995. Appellant filed an application for writ of habeas corpus and requested a double jeopardy bar of his DWI prosecution on the ground he had already been punished by the driver's license suspension. After a hearing, the trial court entered an order denying the requested relief.

■ In his first two points of error, appellant argues the trial court erred in refusing to grant the relief he requested in his application for writ of habeas corpus. Specifically, appellant contends his right to be free from double jeopardy for the same offense under the state and federal constitutions is violated by the information charging DWI when appellant has already been punished by having his driver's license suspended for refusing to submit to a breath test.

This Court recently decided this issue in *Johnson v. State*, 920 S.W.2d 692 (Tex. App.—Houston [1st Dist.] 1996, pet. filed). In *Johnson*, we held the administrative suspension of a driver's license of a person who refuses to take a breath test after being arrested for DWI does not constitute a bar to prosecution for DWI on the basis of double jeopardy. *Johnson*, 920 S.W.2d at 694. Accordingly, we overrule appellant's first two points of error.

■ In his third point of error, appellant contends his DWI prosecution is barred because the offense of DWI is a lesser included offense of having his license suspended under Tex.Rev.Civ. Stat. Ann. art. 6701*l*–5. (Vernon Supp.1995),[2] an offense for which he has already been punished. We disagree.

Tex.Rev.Civ. Stat. Ann. art. 6701*l*–5, section one, provides that any person operating a motor vehicle in this state is deemed to have given consent to submit to the taking of one or more specimens of his breath or blood for the purpose of determining the alcohol concentration in his body. The statute further states that the specimen shall be taken at the request of a peace officer having reasonable grounds to believe the person to have been driving in a public place in this state while intoxicated. *Id.* If a person under arrest refuses to give a specimen, that person's license shall be suspended. Tex. Rev.Civ. Stat. Ann. art. 6701*l*, 2(i) (Vernon Supp.1995). Under this statute, the driver need not necessarily be intoxicated; the statute requires only that the requesting officer reasonably believe the driver to be intoxicated in order for a specimen to be requested. However, Tex. Penal Code Ann. § 49.04(a), under which appellant is subsequently charged with DWI, provides, "[a] person commits the offense [of DWI] if the person is intoxicated[3] while operating a motor vehicle in a public place." Here, actual proof of intoxication is required.

Appellant's license suspension was in response to his refusal to give a breath specimen after an officer, with probable cause for the DWI arrest, requested the specimen. Proof of probable cause to believe appellant was intoxicated is distinct from proof of intoxication itself; proof that appellant was intoxicated is not necessary to suspend appellant's license because he refused to submit to a breath test. *See Neaves v. State*, 767 S.W.2d 784, 786–87 (Tex.Crim.App.1989) (holding that whether probable cause to believe Neaves had been driving while intoxicated at the time police requested a breath specimen is not an issue of ultimate fact in his prosecution for DWI). Therefore, double

---

1. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3525, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24(a), 1995 Tex. Gen. Laws 1025, 1871 (current version at Tex. Transp. Code § 724.035(a)(1)(1996)).

2. We note that article 6701*l*-5 has been repealed effective September 1, 1995; however, the facts in this case arose before this date.

3. Section 49.01 of the Texas Penal Code defines "intoxicated" as:

   (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol ... or any other substance into the body, *or*

   (B) having an alcohol concentration of .10 or more.

jeopardy does not apply. We overrule appellant's third point of error.

We affirm the judgment of the trial court denying habeas corpus relief.

O'CONNOR and TAFT, JJ., also participating.