**Ex parte Thomas E. SCOTT.**

No. 01–95–01556–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 19, 1996.

W.B. Bennie House, Houston, for Appellant.

John B. Holmes, Jr., Houston, for Appellee.

Before COHEN, HEDGES and TAFT, JJ.

## OPINION

COHEN, Justice.

Appellant Thomas E. Scott appeals the denial of his application for writ of habeas corpus asserting a double jeopardy bar to prosecution of a driving while intoxicated (DWI) charge against him. We affirm.

After appellant was arrested for DWI, he refused to submit to a breath test to determine his blood alcohol content. Due to his refusal, appellant's driver's license was suspended for 90 days pursuant to former TEX. REV.CIV.STAT.ANN. art. 6701*l* –5.[1]

Appellant was charged with driving while intoxicated in cause number 9528459. Appellant filed a pretrial application for writ of habeas corpus asserting that a DWI prosecution subsequent to his license suspension was prohibited. Habeas relief was denied.

In his sole point of error, appellant contends that the DWI prosecution is barred by the double jeopardy clauses of the United States and Texas Constitutions because it would result in multiple punishments for the same offense.

This Court has recently held that suspension of a driver's license for a refusal to take a breath test does not bar prosecution for DWI. *Johnson v. State*, 920 S.W.2d 692 (Tex.App.—Houston [1st Dist.] 1996, pet. filed). For the same reasons articulated in *Johnson*, we hold that the double jeopardy bar does not apply here.

The Court of Criminal Appeals has expanded the Texas Double Jeopardy Clause beyond the protections afforded by its federal counterpart in the area of prosecutorial misconduct. *See Bauder v. State*, 921 S.W.2d 696, 699 (Tex.Crim.App.1996). Under the United States Constitution, successive prosecution is barred after a defendant's successful motion for a mistrial only if the conduct giving rise to the successful motion for a mistrial was intended to provoke the defendant into moving for a mistrial. *See Oregon v. Kennedy*, 456 U.S. 667, 679, 102 S.Ct. 2083, 2091, 72 L.Ed.2d 416 (1982). In *Bauder*, the court found that under the Texas Constitution, successive prosecution is barred after a declaration of mistrial at the defendant's request, not only when the objectionable conduct of the prosecutor was intended to induce a motion for mistrial, but also when the prosecutor's misconduct forced the defendant to request a mistrial. *See Bauder*, 921 S.W.2d at 699. This case has nothing to do with prosecutorial misconduct; thus, *Bauder* does not apply here. Appellant cites nothing in the text or history of Article I, Section 14 of the Texas Constitution that convinces us to grant greater protection under that article than we allowed in *Johnson*.

We overrule appellant's sole point of error and affirm the judgment.

---

1. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 9, 1993 Tex.Gen.Laws 3515, 3525, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 23, 1995 Tex.Gen.Laws 1025, 1871 (current version at TEX.TRANSP.CODE § 724.035(a)(1) (Vernon 1996)).