NUMBER 13-01-117-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

 
IN THE INTEREST OF M. E. G., JR. AND M. A. G. CHILDREN

 


On appeal from the 24th District Court

of Victoria County, Texas.

 


O P I N I O N


Before Chief Justice Valdez and Justices Hinojosa and Rodriguez

Opinion by Chief Justice Valdez



Appellant, Mark Guinn, appeals an order suspending his driver's license following his failure to pay child support. Guinn
raises two issues on appeal: whether the trial court erred in suspending his license because said suspension is not supported
by existing statutes and the facts of the case, and whether the trial court erred and abused its discretion when it suspended
his license because to do so violates his constitutional rights. We affirm.

This is the second appeal from this case. In the first appeal, this Court upheld a child support arrearage of $48,500.00
against Guinn. In re M.E.G., 48 S.W.3d 204 (Tex. App.-Corpus Christi 2000, no pet.). In that appeal one of Guinn's
contentions was that the trial court should not have included language stating that his license could be suspended if he
failed to pay as ordered. We held that the trial court's inclusion of this warning "although unnecessary, did not harm Guinn
and does not amount to reversible error." Id. at 211. Subsequent to the first appeal Guinn has not paid the child support
arrearage. As a result, in July 2000, the Attorney General moved to suspend Guinn's driver's license and reduce unpaid
arrears to judgment. At the hearing, the trial court found that with accrued interest Guinn's arrearage was $56,697.16. 
Accordingly, it rendered a cumulative arrearage judgment for that amount and suspended appellant's license. 

In his first issue, appellant argues that the trial court erred in suspending his license because such suspension is not
supported by existing statutes and the facts of this case. He argues in his brief that he "does not owe any child support" and
that "only a judgment is outstanding." As a judgment he argues that collection is limited to wage withholding and common
law collection remedies. He further argues that the license suspension remedy cannot be used after the children have
reached the age of majority.

Regarding the appellant's assertion that a judgment for child support arrearage is not child support, this claim is contrary to
section 232.003 of the family code which provides that a court may issue an order suspending a license if an individual who
is an obligor "has a child support arrearage equal to or greater than the total support due for 90 days under a support order." 
Tex. Fam. Code Ann. § 232.003(a) (Vernon Supp. 2002). Here the appellant's failure to pay child support which is in
excess of $56,000.00 dollars is clearly greater than the total support due for ninety days under appellant's original support
order, which required semi-monthly payments of $150.00. 

As for the trial court's ability to suspend his license, the family code provides that the "court retains jurisdiction to confirm
the total amount of child support arrearages and render judgment for past-due child support until the date all current child
support and medical support and child support arrearages, including interest and any applicable fees and costs, have been
paid." Tex. Fam Code Ann. § 157.005(b) (Vernon Supp. 2002). Guinn cites no authority supporting his view that arrears
cannot count as part of "total support for 90 days under a support order," and we decline to do so. We further note that
appellant's assertion, that a child support arrearage loses its character when it becomes a judgment, would ultimately result
in the trial court's inability to use license suspension as a tool in recouping arrearages. As for appellant's assertion that the
license suspension must be used before children reach the age of majority, we find no statutory support for that restriction
and we decline to hold that the license suspension remedy can only be used while the current support obligation is ongoing.

Appellant's first issue is overruled. 

In his second issue, appellant argues that suspension of his driver's license violates his rights to travel, to pursue his
occupation, and to use the public streets and roads. Throughout his appeal he refers this Court to his appendix due to the
"extreme number of cases" he claims support his position. Appellant's appendix contains the Declaration of Independence,
the United States Constitution, and cases interpreting the Fourteenth Amendment of the United States Constitution. 

After reviewing appellant's appendix, we find no support for his contention that a driver's license is a fundamental right. 
Furthermore we note that a driver's license has been held to be a privilege, not a right. Texas Dep't of Pub. Safety v.
Schaejbe, 687 S.W.2d 727, 728 (Tex. 1985); Ex parte Mata, 925 S.W.2d 292, 295 (Tex. App.-Corpus Christi 1996, no
pet.). As such, we hold that the trial court's decision to revoke appellant's license did have a rational basis in light of its use
in enforcing the payment of child support arrearages. Furthermore, we recognize a number of cases in other jurisdictions in
which driver's license suspension has been found to have a rational basis despite the underlying violation not touching upon
the operation of the motor vehicles. City of Milwaukee v. Kilgore, 532 N.W.2d 690, 697-98 (Wis. 1995) (suspension of
driver's license for failure to pay municipal fine justified by state interest in securing compliance with court orders); Means
v. Sidriopolis, 401 S.E.2d 447, 451-53 (W. Va. 1990) (suspension of driver's license for minor who voluntarily quit high
school). Moreover, we note that appellant's brief fails to sufficiently brief the constitutional grounds concerning license
suspension as to require our review. See Jenkins v. State, 912 S.W.2d 793, 819 (Tex. Crim. App. 1993) (constitutional
arguments not briefed and supported by authority present nothing for review); see also Tex. R. App. P. 38.1(h) (brief must
contain clear and concise argument for contentions made with appropriate citations to authorities and record). 

Accordingly, appellant's remaining issue is overruled and the trial court's judgment is affirmed. 

_____________________

ROGELIO VALDEZ

Chief Justice



Do Not Publish. Tex. R. App. P. 47.3(b).

Opinion delivered and filed this 14th day of March, 2002.