**Ex parte Stacey WILLIAMSON.**

No. 04–95–00878–CR.

Court of Appeals of Texas,
San Antonio.

May 8, 1996.

Jimmy Parks, Phillips & Parks, San Antonio, For Appellant.

Gerald W. Schmidt, County Attorney of Gillespie County, Fredericksburg, For Appellee.

Before LÓPEZ, GREEN and DUNCAN, JJ.

## OPINION

LÓPEZ, Justice.

This is an accelerated appeal of an order denying habeas corpus relief. The issue is whether mandatory driver's license suspension for refusal to submit to a breath test bars a subsequent prosecution for driving while intoxicated. For the reasons stated below, we affirm.

Stacey Leah Williamson was arrested in Gillespie County, Texas and charged by information with driving while intoxicated (DWI). She refused to submit to breath or blood testing. As a result of this refusal, her Texas driver's license was suspended for 90 days. The stipulated evidence presented to the trial court included a copy of the administrative decision dated August 9, 1995, and signed by an administrative law judge. The ALJ found that the officer's recorded observations provided reasonable suspicion to stop [1] and probable cause to arrest [2] Williamson. Her refusal to submit to breath or blood testing was evidenced by her signature on a warning form. Based on the findings of fact, the ALJ concluded that her license was

---

1. The officer observed Williamson weaving in and out of her lane and into the lane of oncoming traffic on several occasions.

2. When the officer stopped her, he noted a strong odor of alcohol, slurred speech, red eyes, and general indications that she would fail a field sobriety test, e.g., she could not stand or maintain her balance without assistance.

subject to a 90–day suspension pursuant to TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 2(i).[3]

While the DWI charge is pending, appellant filed an application for writ of habeas corpus seeking dismissal of the DWI charge on the basis of double jeopardy. The trial court granted writ and, after an evidentiary hearing, denied relief. This appeal ensued.

■ In her sole point of error, Williamson claims that the court erred when it denied relief based on the double jeopardy clause of the fifth amendment of the United States Constitution.[4] By classifying her previous license suspension as punishment, she argues that she has already been punished for the same conduct by virtue of the license suspension proceeding and, therefore, has the right not to be prosecuted or punished again for the same offense.

■ The argument raised here involves the prohibition of multiple punishments for the same offense. *See United States v. Halper,* 490 U.S. 435, 440, 109 S.Ct. 1892, 1897, 104 L.Ed.2d 487 (1989). To analyze this point, we look to the *Blockburger* "same elements" test to determine whether each statutory provision under which Williamson would be prosecuted requires proof of a fact which the other does not. *See Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932). "A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Id.*

The implied consent statute provides that any person operating a motor vehicle in this state is deemed to have given consent to submit to the taking of one or more specimens of his breath or blood for the purpose

of determining the alcohol concentration in his body. TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 1 (Vernon Supp.1995). The specimen shall be taken at the request of a peace officer having reasonable grounds to believe that person to have been driving in a public place in this state while intoxicated. *Id.* If the arrestee refuses to provide a specimen, her driver's license shall be suspended. *Id.* at § 2(i). It is not necessary to prove that the person was intoxicated, only that the requesting officer reasonably believed the driver to be intoxicated in order to request a specimen.

The DWI statute under which Williamson is currently being prosecuted requires the State to prove she was "intoxicated while operating a motor vehicle in a public place." TEX.PENAL CODE ANN. § 49.04(a) (Vernon 1994). Article 49.04 defines "intoxicated" as:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body: or

(B) having an alcohol concentration of 0.10 or more.

TEX.PENAL CODE ANN. § 49.01 (Vernon 1994).

To summarize this analysis, then, we find that Williamson's license suspension was a direct result of her refusal to provide a breath or blood specimen after a peace officer, with reasonable suspicion to make a stop and probable cause to make an arrest, requested that specimen. Proof of this refusal is an element that is not required in the DWI prosecution. In addition, proof of intoxication is not required for license suspension but is required for conviction of DWI. Accordingly, under the *Blockburger* "same elements" test, these two proceedings do not involve the same offense. The double jeop-

---

**3.** The implied consent statute, former article 6701*l*–5, governing the refusal to take a breath test, was repealed effective September 1, 1995. *See* TEX.REV.CIV.STAT.ANN. art. 6701*l*–5, § 2(i) (Vernon Supp.1995), *repealed by* Act of Apr. 21, 1995, 74th Leg., ch. 165, § 24(a), 1995 Tex.Gen.Laws 1025, 1871 (effective Sept. 1, 1995) (current version at TEX.TRANSP.CODE §§ 524.011–15 (Vernon Pamph.1996)). We note that the facts of this case arose prior to that date.

**4.** Williamson's legal argument also touches on the protections afforded against double jeopardy in Article I, § 14 of the Texas Constitution, and Article 1.10 of the Texas Code of Criminal Procedure. The Texas Constitutional protection against multiple punishments is not broader than that provided in the federal constitution. It is, therefore, unnecessary to analyze the Texas provisions separately. *See Gentry v. State,* 881 S.W.2d 35, 39 (Tex.App.—Dallas 1994, pet ref'd).

ardy clause does not apply to the pending DWI prosecution.

The point of error is overruled and the order denying relief is affirmed.