**Ex parte Jose Elias AVILEZ.[1]**

**No. 04–95–00561–CR.**

Court of Appeals of Texas,
San Antonio.

Sept. 18, 1996.

---

**1.** We have restyled the case from the original *Jose Elias Avilez v. State of Texas. See Ex parte Carter,* 849 S.W.2d 410, 411–12 nn. 2–3 (Tex. App.—San Antonio 1993, pet. ref'd).

Joseph P. Appelt, San Antonio, for appellant.

Barbara Hervey, Assistant Criminal District Attorney, San Antonio, for appellee.

Before LÓPEZ, STONE and DUNCAN, JJ.

## OPINION

DUNCAN, Justice.

Jose Elias Avilez appeals the denial of relief in a pretrial application for writ of habeas corpus grounded upon double jeopardy. We affirm.

### FACTS

■ Avilez was arrested for driving while intoxicated. Because Avilez's breath test result exceeded the statutory limit, his driver's license was automatically suspended for sixty days. *See* TEX. TRANSP. CODE ANN. § 524.012(b) (Vernon 1996).[2] Thereafter, the State instituted a DWI misdemeanor proceeding against Avilez in county court. Before trial, Avilez filed an application for a writ of habeas corpus, claiming that the DWI prosecution violated the Double Jeopardy Clauses of the federal and state constitutions.[3] The trial court granted the writ of habeas corpus but denied Avilez's request to dismiss the DWI indictment. Avilez appealed.

2. Avilez's license was suspended pursuant to section 5(a) of article 6687b-1 of the Texas Revised Civil Statutes. Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3517, *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, §§ 1, 24, 25, 27, 1995 Tex. Gen. Laws 1025, 1870–71 (effective Sept. 1, 1995). Because the codification was nonsubstantive, we cite the current statute.

3. Article I, section 14 of the Texas Constitution provides no greater protection than its federal counterpart; therefore, we will not separately

### DISCUSSION

Avilez claims the pending DWI prosecution constitutes a second punishment for the same conduct that was punished by revocation of his license, relying upon *Department of Revenue v. Kurth Ranch,* 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994), and *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). We disagree.

■ The Double Jeopardy Clause provides that "[n]o person shall ... be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. CONST. amend. V. To determine whether a defendant is being subjected to multiple punishments for the same offense, we engage in a two-prong analysis. *See Helber v. State,* 915 S.W.2d 955, 957–59 (Tex.App.—Houston [1st Dist.], no pet.). First, we determine whether the "offenses" are the same for purposes of double jeopardy. *See Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Second, if the same offense is implicated, we determine whether the DWI proceeding threatens a second "punishment" for purposes of double jeopardy. *See United States v. Ursery,* —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). Because the second prong is dispositive of this case under the Supreme Court's recent *Ursery* decision, we assume, without deciding, that Avilez has demonstrated that the DWI proceeding he now faces is the "same offense" for double jeopardy purposes as his previous license revocation proceeding.

■ In *Ursery,* the Court limited the cases upon which Avilez relies: *Halper*'s case-specific approach was limited to civil penalties, while *Kurth Ranch* was limited to tax proceedings. *Ursery,* —— U.S. at ——, ——, 116 S.Ct. at 2142, 2147.[4] Instead of

analyze Avilez's state constitutional claim. *See Stephens v. State,* 806 S.W.2d 812, 814–15 (Tex. Crim.App.1990), *cert. denied,* 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991); *Ex parte Williamson,* 924 S.W.2d 414, 415 n. 4 (Tex. App.—San Antonio 1996, pet. filed); *Ex parte Cantu,* 913 S.W.2d 701, 706 & n. 5 (Tex.App.— San Antonio 1995, pet. ref'd).

4. Similarly, the Court limited its decision in *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), to cases involving the Excessive Fines Clause of the Eighth Amend-

expanding the rationale of these cases to encompass civil forfeitures, the Court reaffirmed its "traditional understanding" that, as a general rule, "civil forfeiture does not constitute "punishment" for Double Jeopardy purposes:

> That a forfeiture is designated as civil by Congress and proceeds *in rem* establishes a presumption that it is not subject to double jeopardy. Nevertheless, where the "clearest proof" indicates that an *in rem* civil forfeiture is "so punitive either in purpose or effect" as to be equivalent to a criminal proceeding, that forfeiture may be subject to the Double Jeopardy Clause.

*Id.* at —— n. 3, 116 S.Ct. at 2148 n. 3 (citation omitted); *see also Blessing v. State,* 927 S.W.2d 310, 312–13 (Tex.App.—Houston [1st Dist.], no pet. h.) (applying *Ursery* to forfeitures under chapter 59 of the Texas Code of Criminal Procedure). Accordingly, to determine whether a forfeiture constitutes "punishment" for purposes of double jeopardy, the court's inquiry is two-fold: "(1) whether the Legislature intended proceedings under the forfeiture statute to be criminal or civil; and (2) whether the proceedings are so punitive in fact as to persuade us that the forfeiture proceedings may not legitimately be viewed as civil in nature, despite legislative intent." *Romero v. State,* 927 S.W.2d 632, 635 (1996) (citing *Ursery,* —— U.S. at ——, 116 S.Ct. at 2147).

### Legislative Intent

■ Chapter 524 of the Transportation Code specifies that driver's license suspension "is a civil matter," independent of and not estopped by criminal prosecution. TEX. TRANSP. CODE ANN. § 524.012 (Vernon 1996) (formerly article 6687b–1, § 5(d)). Thus, although legislators plainly intended the statute to be punitive, *see Arnold v. State,* 920 S.W.2d 704, 714–15 (Tex.App.—Houston [1st Dist.], pet. filed) (collecting legislative history), the statute's express language mirrors the Texas tradition of viewing revocations

and suspensions as administrative and civil in nature. *See Ex parte Tharp,* 912 S.W.2d 887, 891 (Tex.App.—Fort Worth 1995, pet. granted).

In addition, like the federal statutes at issue in *Ursery,* Texas's license forfeiture statute creates a summary administrative procedure for the automatic suspension of a driver's license. *Compare* TEX. TRANSP. CODE ANN. § 524.012(b), (d) (Vernon 1996) (formerly article 6687b–1, § 5(a), (c)) *with Ursery,* —— U.S. at ——, 116 S.Ct. at 2147. Therefore, while the driver may request an administrative hearing, the process is expedited, and the burden of proof is a preponderance of the evidence. TEX. TRANSP. CODE ANN. §§ 524.031–.035 (Vernon 1996) (formerly article 6687b–1, § 7(b)). We therefore conclude that the Texas legislature intended license suspension to be a civil *in rem* proceeding.

### Purposes of License Revocation

As for the second prong of the *Ursery* test, we acknowledge that the Texas statute has certain punitive aspects.[5] Nonetheless, the suspension statute also serves important nonpunitive or remedial goals, particularly the automatic and speedy protection of the lives and property placed at risk by drunk drivers. *Ex parte Arnold,* 916 S.W.2d 640, 642–43 (Tex.App.—Austin 1996, pet. filed); *Ex parte Tharp,* 912 S.W.2d at 894. As a deterrent, therefore, license suspension facilitates a purpose that "may serve civil as well as criminal goals." *Ursery,* —— U.S. at ——, 116 S.Ct. at 2149; *Arnold,* 920 S.W.2d at 714–16. We therefore conclude that there is little evidence, much less the "clearest proof," that license suspension is so punitive in form and effect as to render it criminal despite the legislature's intent.

### CONCLUSION

Under the two-part test established by *Ursery,* license revocation under chapter 524 of the Transportation Code is not "punishment" for purposes of double jeopardy. Ac-

---

ment. *Ursery,* —— U.S. at ————, 116 S.Ct. at 2143–44.

5. For instance, the suspension statute is tied to criminal activity, that is, driving while intoxicated. This connection, however, is insufficient to

render the statute punitive. *Ursery,* —— U.S. at ——, 116 S.Ct. at 2149. This is particularly true, when, as here, the civil statute does not require the government to prove *scienter. See id.*

cordingly, the trial court's order denying Avilez's habeas corpus relief is affirmed.