**Ex parte David Valenzuela CAMPOS.**

**No. 04–96–00482–CR.**

Court of Appeals of Texas,
San Antonio.

Nov. 6, 1996.

George Scharmen, San Antonio, for Appellant.

Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before CHAPA, C.J., and GREEN and DUNCAN, JJ.

## OPINION

PER CURIAM.

This habeas corpus appeal asks whether double jeopardy bars David Valenzuela Campos' prosecution for driving while intoxicated after the State suspended his driver's license. Because we answer this question negatively, we affirm.

### Summary of Facts

Campos was arrested on April 26, 1996 and charged by information with driving while intoxicated. Additionally, his driver's license was suspended for sixty days because an administrative law judge found that his breath alcohol level exceeded the statutory limit. *See* TEX. TRANSP. CODE ANN. §§ 524.022(1), .035(a) (Vernon 1996). Thereafter, Campos filed a pretrial application for writ of habeas corpus in his criminal case, alleging that double jeopardy barred further punishment.

The trial court denied relief, and Campos appealed. In four points of error, he claims that the federal and state double jeopardy clauses bar his pending DWI prosecution. We review the trial court's ruling with the abuse of discretion standard, recognizing that Campos bears the burden of establishing a double jeopardy violation. *State v. Garza*, 908 S.W.2d 60, 61 (Tex.App.—Houston [1st Dist.] 1995, pet. filed); *Ex parte*

*Zavala,* 900 S.W.2d 867, 870 (Tex.App.—Corpus Christi 1995, no pet.).

## Discussion

■ The federal Double Jeopardy Clause protects against multiple punishments for the same offense.[1] Campos argues that, under *Bauder v. State,* 921 S.W.2d 696 (Tex. Crim.App.1996), article I, section 14 of the Texas Constitution provides greater protection than its federal counterpart.[2] *Bauder,* however, expanded state double jeopardy protection only for cases of prosecutorial misconduct. *See Ex parte Scott,* 934 S.W.2d 766, 767 (Tex.App.—Houston [1st Dist.] 1996, no pet. h.); *Ex parte Ledbetter,* 925 S.W.2d 283, 285 n. 6 (Tex.App.—Corpus Christi 1996, no pet.). Accordingly, we decline to separately address Campos' state constitutional claim.

■ For purposes of this appeal, we assume, without deciding, that license suspension and DWI prosecution involve the "same offense." *See Ex parte Avilez,* 929 S.W.2d 677, 678 (Tex.App.—San Antonio 1996, no pet. h.). To determine if a driver's license forfeiture under chapter 524 of the Transportation Code is punitive for double jeopardy purposes, we look for the clearest proof that the statute is so punitive it becomes criminal, despite legislative intent to make it civil. *See Fant v. State,* 931 S.W.2d 299, 309 (Tex.Crim. App.1995) (citing *United States v. Ursery,* 518 U.S. ——, —— & —— n. 3, 116 S.Ct. 2135, 2147 & 2148 n. 3, 135 L.Ed.2d 549 (1996)); *Ex parte Pitluk,* No. 04–96–00430–

CR, slip op. at 3 n. 3, —— S.W.2d ——, —— n. 3, 1996 WL 591891 (Tex.App.—San Antonio, Oct. 9, 1996, no pet. h.) (comparing license suspension to civil forfeiture).

Campos contends that *Ursery* is inapplicable to driver's license suspensions because the proceeding is *in personam* rather than *in rem. Ursery,* however, did not base its conclusion on the legal fiction that a forfeiture punishes property rather than a particular person. —— U.S. at —— n. 3, 116 S.Ct. at 2148 n. 3. Instead, it explained that a presumption arises against the application of double jeopardy whenever a forfeiture proceeds *in rem* or is designated as civil by the legislature. *Id.* As we explained in *Avilez,* our legislature clearly described chapter 524 as civil.[3] 929 S.W.2d at 678 (citing Tex. Transp. Code Ann. § 524.012(e)(1) (Vernon 1996)).

■ Chapter 524 not only describes itself as civil but also contains "procedural mechanisms" that demonstrate the legislature's intent to make it civil. *Avilez,* at 678.[4] For example, the burden of proof is a preponderance of the evidence. Tex. Transp. Code Ann. § 524.035(a) (Vernon 1996). Although the statute contains some punitive aspects, it serves important remedial and nonpunitive goals, including the "speedy protection of the lives and property placed at risk by drunk drivers." *Avilez,* at 679. We therefore conclude there is little evidence, much less the clearest proof, that license suspension is so punitive in form and effect as to render it criminal.

1. The federal Double Jeopardy Clause provides that "[n]o person shall ... be subject for the same offense to be twice put in jeopardy of life or limb...." U.S. Const. amend. V.

2. The state Double Jeopardy Clause provides that "[n]o person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction." Tex. Const. art. 1, § 14.

3. Campos argues that driver's license suspension is criminal, but he relies on a repealed definition of license suspension. *See* Act of May 28, 1965, 59th Leg., R.S., ch. 717, § 1, 1965 Tex. Gen. Laws 1663, 1664 (former Tex.Rev.Civ. Stat. Ann.

art. 6687b, § 1(r)) (defining license suspension "as a penalty and subject to executive clemency as any other fine or punishment"), *repealed by* Act of May 1, 1995, 74th Leg., R.S., ch. 165, § 24, 1995 Tex. Gen. Laws 1025, 1871. Furthermore, forfeitures may serve civil as well as criminal goals. *Ursery,* —— U.S. at ——, 116 S.Ct. at 2149.

4. *Avilez* compares the Texas statute to the summary administrative procedures at issue in *Ursery. Avilez,* 929 S.W.2d at 678. We find this comparison apt whether the suspension is "automatic," as in *Avilez,* pursuant to section 524.012(b), or whether the driver requests an administrative hearing, as in this case, under section 524.031.

### Conclusion

License suspension under chapter 524 of the Transportation Code is not "punishment" for purposes of double jeopardy. Accordingly, the trial court did not abuse its discretion in denying Campos' habeas corpus relief. We overrule Campos' points of error and affirm the trial court's order.