**Ex parte Michael CASARETTO, Appellant.**

**No. 04–96–00561–CR.**

Court of Appeals of Texas, San Antonio.

Dec. 26, 1996.

Jimmy Parks, Phillips & Parks, San Antonio, for Appellant.

Daniel Thornberry, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before RICKHOFF, GREEN and DUNCAN, JJ.

GREEN, Justice.

In this habeas corpus appeal, we consider whether double jeopardy bars Michael Casaretto's prosecution for driving while intoxicated after the State suspended his driver's license. Because driver's license suspension

is not punishment for double jeopardy purposes, we affirm.

**Background**

Casaretto was arrested for driving while intoxicated, and his driver's license was automatically suspended for sixty days because his breath test result exceeded the statutory limit. *See* TEX. TRANSP. CODE ANN. §§ 524.012(b), .022(1) (Vernon 1997). Casaretto filed an application for writ of habeas corpus in his criminal case, alleging that double jeopardy barred further punishment.

The trial court denied relief, and Casaretto appealed. In one point of error, he claims that double jeopardy bars his pending DWI prosecution.[1] We review the trial court's ruling with the abuse of discretion standard, recognizing that Casaretto bears the burden of establishing a double jeopardy violation. *Ex parte Zavala*, 900 S.W.2d 867, 870 (Tex. App.—Corpus Christi 1995, no pet.).

**Discussion**

The double jeopardy clause protects, in part, against multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). For purposes of this appeal, we assume that license suspension and DWI prosecution involve the "same offense." *See Ex parte Voisinet v. State*, 935 S.W.2d 424, 425 (Tex.Crim.App., 1996); *Ex parte Avilez*, 929 S.W.2d 677, 678 (Tex.App.—San Antonio, no pet.). As evidence that he faces multiple "punishments," Casaretto refers to the fact that driver's license suspension is temporary and is longer for those who refuse to take the breath test. *See* TEX. TRANSP. CODE ANN. § 524.022 (Vernon 1997) (suspension for failing the breath test is 60, 120, or 180 days, depending on past "drug-related enforcement contacts"), *id.* § 724.035 (suspension is 90, 180, or 365 days for refusing to take the breath test).

The temporary nature of the penalty was key to the Court of Criminal Appeals' conclusion that a 60–day driver's license suspension was a "mild sanction." *Ex parte Tharp*, 935 S.W.2d 157, 160 (Tex.Crim.App.1996). Because the penalty was primarily designed "to protect the public from the carnage ... caused by drunk drivers," the court held that driver's license suspension for failing the breath test was not punishment for purposes of double jeopardy. *Id.* at 159–61 (applying *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989) to chapter 524 of the Transportation Code).

**Conclusion**

License suspension under chapter 524 of the Transportation Code is not "punishment" for purposes of double jeopardy. *Tharp*, 935 S.W.2d at 161 Accordingly, the trial court did not abuse its discretion in denying Casaretto habeas corpus relief. We overrule Casaretto's point of error and affirm the trial court's order.

---

**1.** Casaretto discusses both the state and federal constitutions in the body of his brief. Because the Texas Constitution provides no greater protection than its federal counterpart in cases not involving prosecutorial misconduct, we do not separately address Casaretto's state constitutional claim. *See Ex parte Campos*, 936 S.W.2d 23, 24 (Tex.App.—San Antonio, 1996, no pet. h.) (designated for publication).