**EX PARTE Lee Dean PITLUK,
Appellant.**

No. 04–96–00430–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 8, 1997.

Rehearing Overruled Jan. 8, 1997.

Michael C. Gross, San Antonio, for Appellant.

Robert Boyd Padgett, Assistant Criminal District Attorney, San Antonio, for Appellee.

Before LÓPEZ, STONE and GREEN, JJ.

## OPINION ON REHEARING

GREEN, Justice.

This accelerated appeal questions whether driver's license suspension for refusal to submit to a breath test bars a subsequent prosecution for driving while intoxicated. We answer this question negatively and affirm the trial court's order.

We withdraw our opinion of October 9, 1996, to address *Ex parte Tharp*, 935 S.W.2d 157 (Tex.Crim.App.1996). However, we deny appellant's motion for rehearing and motion for rehearing en banc.

### Background

Appellant, Lee Dean Pitluk, was arrested for driving while intoxicated on January 4, 1996. Because he refused to provide the arresting officer with a breath sample to test his breath alcohol content, an administrative judge suspended Pitluk's driver's license for ninety days pursuant to the "implied consent" statute. *See* TEX. TRANSP. CODE ANN. § 724.035(a) (Vernon 1997).[1] When Pitluk was subsequently charged by information for driving while intoxicated (DWI), he sought habeas corpus relief on the basis that further prosecution was barred by federal and state double jeopardy.

The trial court denied relief, and Pitluk appealed. In two points of error, he contends the trial court erred in denying habeas corpus relief because the state and federal constitutions bar his DWI prosecution. We review the trial court's ruling with the abuse of discretion standard, recognizing that Pitluk bears the burden of establishing a double jeopardy violation. *Ex parte Zavala*, 900 S.W.2d 867, 870 (Tex.App.—Corpus Christi 1995, no pet.). Additionally, we decline to separately address Pitluk's state constitutional claim because article I, section 14 of the Texas Constitution provides no greater protection than its federal counterpart in cases not involving prosecutorial misconduct. *Ex parte Campos*, 936 S.W.2d 23, 24 (Tex. App.—San Antonio,1996, no pet. h.) (designated for publication).

### Discussion

The double jeopardy clause protects against three abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969). Pitluk claims both the second and third protections although only the third applies. Pitluk faces multiple punishments, not multiple prosecutions, because an administrative hearing is not a criminal prosecution. *Cf. Malone v. State*, 864 S.W.2d 156, 158–59 (Tex.App.—Fort Worth 1993, no pet.) (termination of parental rights is not prosecution).

To determine whether Pitluk is subject to multiple punishments for the same offense, we first ask whether the "offenses" are the "same" for purposes of double jeopardy. *See Ex parte Williamson*, 924 S.W.2d 414, 415 (Tex.App.—San Antonio 1996, pet.

---

1. The implied consent statute was formerly known as article 6701*l*–5 of the Texas Revised Civil Statutes. Act of May 29, 1993, 73rd Leg., R.S., ch. 886, §§ 9–13, 1993 Tex. Gen. Laws 3515, 3523–27, *repealed by* Act of April 21, 1995, 74th Leg., R.S., ch. 165, §§ 1, 27, 1995 Tex. Gen. Laws 1025, 1819–26, 1871 (effective Sept. 1, 1995). This case is governed by the new statute.

filed). If so, we then ask whether the proceedings involve "punishment" for purposes of double jeopardy. *Ex parte Avilez,* 929 S.W.2d 677, 678 (Tex.App.—San Antonio 1996, no pet.).

■ In *Williamson,* we explained that a driver's license could be suspended under the implied consent statute without proof of intoxication, an element that is necessary to prove DWI. 924 S.W.2d at 415. Likewise, the DWI statute does not require proof that the driver refused to provide a breath or blood sample. *Id.* We concluded that the proceedings did not involve the same offense because each required proof of an element the other did not. *Id.* (applying the "same elements" test of *Blockburger v. United States,* 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)). Accordingly, double jeopardy was not implicated when the driver was prosecuted for DWI following the administrative suspension of the driver's license. *Id.* at 415–16.

Pitluk urges us to reconsider *Williamson* in light of *Arnold v. State,* 920 S.W.2d 704, 710 (Tex.App.—Houston [1st Dist.] 1996, pet. filed), which found that DWI is a " 'lesser included offense' of license suspension." We decline to follow *Arnold* because it addresses only suspensions based on failing the breath test; it does not discuss suspensions based on the implied consent statute. *Compare* TEX. TRANSP. CODE ANN. § 524.035 (Vernon 1997) *with id.* § 724.042.

■ Based on our prior holding in *Williamson,* we hold that Pitluk's proceedings do not involve the same offense. Thus, Pitluk failed to satisfy the first prong of the double jeopardy analysis.[2] Even if we assume the proceedings were the same, he did not meet the second prong.

When the Court of Criminal Appeals considered a 60–day driver's license suspension based on failing the breath test, it concluded that the penalty was not punishment for purposes of double jeopardy.[3] *Tharp,* 935

S.W.2d at 161 (applying the test announced by *United States v. Halper,* 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989)). The court described the suspension as a "mild sanction" primarily designed "to protect the public from the carnage ... caused by drunk drivers." *Id.* at 159.

Although this case involves the implied consent statute, the penalty at issue is similar: a 90–day suspension plus a $100 reinstatement fee. *See* TEX. TRANSP. CODE ANN. §§ 724.035, .046 (Vernon 1997). Like the penalty in *Tharp,* the suspension is temporary. *Compare Tharp,* 935 S.W.2d at 160 & n.3 *with* TEX. TRANSP. CODE ANN. § 724.035 (Vernon 1997) (providing for a 60–day and 90–day penalty, respectively). Also, like the penalty in *Tharp,* the primary purpose of the implied consent statute is to "further[ ] the State's remedial goal of quickly protecting the public from drunk drivers." *Compare Tharp,* 935 S.W.2d at 159–60 *with Champagne v. State,* 918 S.W.2d 612, 615 (Tex. App.—Beaumont 1996, no pet.) (stating similar purposes). We therefore hold that the suspension of Pitluk's driver's license for refusing to take the breath test does not constitute punishment for purposes of double jeopardy.

### Conclusion

Finding no abuse of discretion, we overrule Pitluk's points of error and affirm the trial court's order denying habeas corpus relief.

---

2. If Pitluk were subject to multiple prosecutions, our holding in *Williamson* would be dispositive.

3. The court discussed article 6687b–1 of the Texas Revised Civil Statutes. Act of May 29, 1993, 73rd Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3516, *repealed by* Act of April 21, 1995, 74th Leg., R.S., ch. 165, §§ 1, 24, 25, 1995 Tex. Gen. Laws 1025, 1871. Because the codification was nonsubstantive, we cite the current statute.