**Stacy Stalinsky VOISINET, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–95–00701–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 12, 1997.

Michael Clark Gross, San Antonio, for appellant.

Alan Curry, Houston, for appellee.

Before HUDSON, EDELMAN and ELLIS[1], JJ.

## OPINION ON REHEARING

ELLIS, Justice (Assigned).

The opinion of April 24, 1997 is withdrawn and the following opinion is substituted therefor. In this appeal from the denial of a pretrial writ of habeas corpus, this court, on original submission, held that the prosecution of appellant for driving while intoxicated was not barred by the double jeopardy clause of the United States and Texas Constitutions. On November 25, 1996, the court of criminal appeals remanded the cause to this court for proceedings consistent with its opinion. We affirm.

On January 1, 1995, a police officer stopped appellant for driving fifty-one miles per hour in a thirty-five mile per hour speed zone. Appellant submitted to an intoxilyzer breath test, which indicated appellant had a blood alcohol concentration of 0.139 grams per 210 liters of breath. Section 49.01 of the Texas Penal Code defines intoxication as having an alcohol concentration of 0.10 or more grams per 210 liters of breath. Appellant was arrested for driving while intoxicated and was issued a driver's license suspension notice pursuant to TEX.REV.CIV. STAT. ANN. art. 6687b–1, § 2(a) (Vernon 1995). The notice stated that appellant's driver's license would be suspended for sixty days pursuant

1. Former Justice George T. Ellis sitting by assignment.

to Tᴇx.Rᴇv.Cɪv. Sᴛᴀᴛ. Aɴɴ. art. 6701*l*–5, § 2(b) (Vernon 1995).

In February, 1995, a hearing was held before an administrative law judge of the State Office of Administrative Hearings. Following the hearing, the judge entered findings of fact, which read, in part, that on January 1, 1995,

> probable cause to arrest the Defendant existed, in that probable cause existed that Defendant was intoxicated while driving or in control of a motor vehicle in a public place as demonstrated by Defendant stated [sic] she drank 4 glasses of wine in addition to failing all field sobriety tests, HGN and heel to toe; smelled alcohol on breath; and Defendant was driving or in control of a motor vehicle ... in a public place ... with an alcohol concentration of 0.139 grams of alcohol per 210 liters of breath.

The administrative judge upheld the suspension and required appellant to pay a $100 reinstatement fee to the Department of Public Safety.

On January 1, 1995, appellant was charged by information with driving while intoxicated. Tᴇx. Pᴇɴᴀʟ Cᴏᴅᴇ Aɴɴ. § 49.04 (Vernon 1994). Before trial, appellant applied for a writ of habeas corpus arguing that she would be subjected to double jeopardy if the criminal action was allowed to proceed. The trial court denied the writ. Appellant appealed the trial court's decision and contended that the continuation of the criminal prosecution would violate the Texas and Federal Constitutions. *See* U.S. Cᴏɴsᴛ. amend. V; Tᴇx. Cᴏɴsᴛ. art. I, § 14.

On original submission, this court held that the suspension of a person's driver's license does not constitute an offense for purposes of a defendant's protection against double jeopardy and, therefore, cannot be the same offense as driving while intoxicated. *Voisinet v. State,* 909 S.W.2d 262, 264 (Tex.App.— Houston[14th Dist.] 1995). On petition for discretionary review, the court of criminal appeals held that the statute prohibiting driving while intoxicated and the statute that allows the suspension of a person's driver's license clearly define the same offense. The court of criminal appeals then vacated this

court's judgment and remanded for further proceedings consistent with its opinion. *Voisinet v. State,* 935 S.W.2d 424 (Tex.Crim.App. 1996).

In *Ex parte Tharp v. State,* 935 S.W.2d 157, 161 (Tex.Crim.App.1996), the court of criminal appeals held that suspension of a driver's license pursuant to the administrative license revocation statute does not constitute punishment for the same offense so as to preclude, on double jeopardy grounds, subsequent prosecution of the driver for the offense of driving while intoxicated.

Because appellant's arguments are incorrectly premised on the fact that the administrative license suspension and a subsequent prosecution are punishment for the same offense, the trial court was correct in denying the application for writ of habeas corpus. Appellant's two points of error are overruled.

On motion for rehearing, appellant contends we failed to address her claim that the Texas double jeopardy provision gives greater rights or protection than does the Fifth Amendment. Appellant argues that we should determine that the Texas double jeopardy provision prohibits a subsequent prosecution for driving while intoxicated after an administrative license revocation. We decline to do so.

The court of criminal appeals has held that the state and federal double jeopardy provisions are "conceptually identical." *Stephens v. State,* 806 S.W.2d 812, 814–15 (Tex.Crim. App.1990), *cert. denied* 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991). Further, this court has held that the Texas double jeopardy guarantee gives no greater rights than does the federal guarantee. *Parrish v. State,* 889 S.W.2d 658, 661 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). In *Bauder v. State,* 921 S.W.2d 696, 699 (Tex.Crim.App. 1996), the court of criminal appeals expanded state double jeopardy protection only for cases of prosecutorial misconduct. *See Ex parte Campos,* 936 S.W.2d 23, 25 (Tex.App.— San Antonio 1996, no pet. h.). Appellant has cited no other cases that expand the Texas double jeopardy provision, and we have

found none. Accordingly, appellant's motion of rehearing is overruled.

The judgment of the trial court is affirmed.