NO. 07-00-0475-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 22, 2001

______________________________

ARTHUR RAYBON,

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 140
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 98-428,331; HON. JIM BOB DARNELL, PRESIDING

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Arthur Raybon (appellant) appeals his conviction for indecency with a child.  Through three issues, he asserts that 1) his guilty plea was involuntary because of counsel’s purported ineffectiveness and the trial court’s alleged failure to properly admonish him and 2) double jeopardy barred his conviction.  We affirm.

Background

The record illustrates that appellant not only pled guilty to the aforementioned crime but also admitted to committing same via a written judicial confession.  So too does it illustrate that he was admonished by the trial court pursuant to Texas Code of Criminal Procedure art. 26.13.  However, after sentencing and within the time designated for requesting a new trial, appellant notified the trial court by letter that he was not guilty of the offense and that his attorney was ineffective.  Apparently treating this as a motion for new trial, the trial court convened a hearing to address the allegations.  During that proceeding, appellant informed the court that he was innocent and that his counsel allegedly persuaded him to plead guilty, despite having previously represented to the court that his plea was voluntary and his counsel adequate.  Upon hearing the comments of appellant, the trial court did not grant him a new trial.  Instead it appointed him an attorney to prosecute an appeal, and authorized appellant to appeal.  Though appeal was attempted, the notice was untimely, and the proceeding was dismissed for want of jurisdiction.  

Thereafter, appellant filed a writ of habeas corpus, again complaining of his counsel’s supposed ineffectiveness.   Pursuant to mandate by the Texas Court of Criminal Appeals, the trial court convened an evidentiary hearing to address the allegations.  Trial counsel, appellate counsel, appellant, and his daughter testified.  Upon receiving and weighing the evidence offered, the trial court expressly found that 1) appellant’s testimony uttered at the hearing was “not credible,” 2) his trial counsel rendered effective representation, 3) his plea was voluntary, and 4) counsel appointed to prosecute the appeal was ineffective given his failure to timely perfect same.  Thereafter, the Court of Criminal Appeals authorized appellant to prosecute a belated appeal.

Voluntariness of Plea

The issues regarding the voluntariness of his plea are identical to those appellant asserted in 
Raybon v. State,
 No. 07-00-0474-CR, pending in this court.  Consequently, for the same reasons expressed in Cause No. 07-00-0474-CR, we reject appellant’s contentions that his plea was involuntary.   

Double Jeopardy
 

In his third  and final issue, appellant contends that his conviction for indecency with a child was barred by double jeopardy.  This is allegedly so because indecency with a child is a lesser included offense of sexual assault.  And, he had been previously convicted, via his guilty plea in Cause No. 07-00-0474-CR, of sexually assaulting the same child.   So, having been guilty of the greater offense of sexual assault, double jeopardy purportedly barred his conviction of indecency with a child.  We reject the contention for several reasons.

First, the burden to prove double jeopardy lay with appellant.  
Ex parte Pitluk, 
940 S.W.2d 220, 221 (Tex. App. – San Antonio 1997, no pet.).  It required him, at a minimum, to prove that he was twice prosecuted or punished for the same offense.  
Id.
  Nothing of record establishes that he was so tried or punished, however.  Indeed, the statement of his child victim disclosed that he not only engaged in acts of sexual intercourse with her but also shaved her genital region after watching a pornographic video wherein an actress had her pubic area shaved.  Furthermore, according to the victim, the sexual contact in which appellant engaged (whether it was intercourse or merely touching the victim’s genitalia while shaving her) occurred over the course of time, not at the same time.  And, to the extent that each could have constituted a separate offense, the State was entitled to prosecute and punish appellant for each offense without hindrance from any double jeopardy bar.  

The foregoing is true even though the State alleged in each indictment that the crimes occurred “on or about the 1
st
 day of June, A.D., 1995."   That particular allegation did and does not mean that the crimes were one and the same.  Rather, it meant that the State was entitled to present evidence of any crime occurring on June 1
st
, 1995 or within the applicable statute of limitation.  
Sledge v. State
, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997).       

So, given the record before us, we cannot say appellant established, as a matter of law, that he was twice tried, convicted, or punished for the same offense.  Nor can we say, as a matter of law, that his conviction for indecency was the lesser included offense of the crime encompassed by his conviction for sexual assault.  Again, this is so because the acts giving rise to each could have happened at different times.

Next, because the contention was not raised below, we deem it waived.  This is so because the tenor of the record does not permit us to precisely determine the particular acts underlying each conviction, as indicated above.  Had appellant urged double jeopardy at trial, then the State would have had opportunity to present evidence sufficient to address the contention.  But, because he did not and thereby denied the State of this opportunity, the argument was waived.  
See Gonzalez v. State
, 8 S.W.2d 640, 645-46 (Tex. Crim. App. 2000).

Accordingly, we overrule appellant’s issues and affirm the judgment.    

                                                Brian Quinn 

                                                      Justice 

 

 

 

Do not publish.