**John Bradford CROW, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 01–97–00449–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

April 9, 1998.

Stanley Schneider, Brian Wice, Houston, for Appellant.

John B. Holmes, Alan Curry, Houston, for Appellee.

Before MIRABAL, TAFT and EVANS, JJ.[1]

## OPINION

MIRABAL, Justice.

John Bradford Crow appeals the denial of relief on his application for a pretrial writ of habeas corpus. We affirm.

The issue presented is whether constitutional double jeopardy provisions bar a retrial of Crow when a mistrial was granted as a result of an act of the prosecutor in front of the jury.

During the State's closing argument of Crow's murder trial, the prosecutor slapped Crow on the back while Crow was seated at defense counsel's table. Crow moved for a mistrial, which the trial court granted. Crow then petitioned the trial court for habeas corpus relief based on the double jeopardy clauses of the federal and state constitutions. The trial court denied relief.

At the habeas hearing, a newspaper reporter testified that during closing argument in Crow's murder trial she saw the prosecutor slap Crow on the back, making a sound that was loud enough to be heard throughout the courtroom, but that the slap did not appear to physically injure Crow. At the time, defense counsel said nothing. The jury deliberated later that day and for five hours the next day before defense counsel moved for a mistrial. It was the reporter's impression that the prosecutor struck Crow to sarcastically emphasize the point that Crow was not, as Crow was trying to convince the jury through his parade of witnesses, the perfect man. In response to an interview question, the prosecutor told the reporter he struck Crow for a reason. When she asked him if it was part of his strategy, he responded affirmatively.

The prosecutor testified there had been one and one-half days of testimony by defense witnesses to show that Crow was a perfect person. Thus, during closing argument, he commented that Crow was "the most perfect boy I ever met," and slapped him on the back in a "good old boy" way for dramatic emphasis. Crow jerked, but said nothing. Crow's attorney said nothing. The next day following a discussion about a note sent out by the jury, Crow's counsel moved for a mistrial, to which the prosecutor gave no response. The judge declared a mistrial. The prosecutor testified that at the time he slapped Crow on the back, he was not hoping the defense would ask for a mistrial, he did not want a mistrial, and the way the trial was going, he thought the worst that would hap-

---

1. The Honorable Frank G. Evans, retired Chief Justice, Court of Appeals, First District of Texas at Houston, sitting by assignment.

pen would be a hung jury. He actually thought in the end Crow would be found guilty of murder. He did not want to try the case again because he had had enough and was ready for it to be over.

On cross-examination, the prosecutor testified that he probably told R.K. Lyon, a State's expert witness, that he was tired of "taking it in the ass" on the case. As he was making his closing argument, he was not thinking about hitting Crow, he just all of a sudden did it. He was thinking about convicting a man for murder.

R.K. Lyon, the State's expert witness on blood spatter, testified that the prosecutor and he had agreed that there were problems with the case in its investigation phase. The prosecutor expressed great unhappiness with several things about the trial.

The judge at the habeas hearing was the same judge who presided at Crow's murder trial. The record contains no express findings of fact or conclusions of law.

[1] Crow argues that a mistrial based on the prosecutor's conduct bars a retrial under the Fifth Amendment of the United States Constitution and article one, section 14 of the Texas Constitution.

The general rule has been that the trial court's ruling in a habeas corpus proceeding should not be overturned absent a clear abuse of discretion. *Ex parte Ayers*, 921 S.W.2d 438, 440 (Tex.App.—Houston [1st Dist.] 1996, no pet.). In such a case, we are to view the evidence in the light most favorable to the trial court's ruling. *Ex parte Pipkin*, 935 S.W.2d 213, 215 (Tex.App.— Amarillo 1996, no pet.). The State and appellant both suggest that we should engage in a *de novo* review of the issues involved in this appeal, under *Guzman v. State*, 955 S.W.2d 85 (Tex.Crim.App.1997), because this case involves mixed questions of law and fact, as in *Guzman. Id.* at 87–89. However, our decision in this case is the same under either standard of review. Under *Guzman*, when the resolution of mixed questions of law and fact turns on an evaluation of credibility and demeanor, we should afford almost total deference to the trial court's fact findings, and we still review the evidence presented in the light most favorable to the trial court's ruling. *Id.* at 89.

Under the United States Constitution, successive prosecution is barred after a defendant's successful motion for mistrial only if the conduct giving rise to the successful motion for mistrial was intended to provoke the defendant into moving for a mistrial. *Ex parte Scott*, 934 S.W.2d 766, 767 (Tex.App.—Houston [1st Dist.] 1996, no writ). Under article one, section 14 of the Texas Constitution, a successive prosecution is jeopardy-barred after declaration of a mistrial at the defendant's request, not only when the objectionable conduct of the prosecutor was intended to induce a mistrial, but also when the prosecutor was aware of, but consciously disregarded, the risk that an objectionable event for which he was responsible would require a mistrial at the defendant's request. *Bauder v. State*, 921 S.W.2d 696, 699 (Tex.Crim.App.1996).

In the present case, there is evidence that supports the trial court's implicit finding that the prosecutor did not intentionally or recklessly provoke Crow into moving for a mistrial. The prosecutor testified that when he struck Crow, he just did it all of a sudden without thinking about it; he did it for dramatic emphasis during argument and was thinking about convicting a man for murder. When he slapped Crow on the back, he did not want a mistrial. At the time of closing argument, he thought the worst result of the trial would be a hung jury, and he actually thought Crow would be convicted. The trial judge presided over Crow's murder trial and witnessed the slap on Crow's back; therefore, the judge did not have to rely on third-party eyewitness accounts of the slap, as Crow urges.

Viewing the evidence in the light most favorable to the trial court's ruling, we cannot say the trial court erred in denying habeas corpus relief. Accordingly, we affirm.