**John Bradford CROW, Appellant,**

v.

**The STATE of Texas.**

No. 981–98.

Court of Criminal Appeals of Texas, En Banc.

Dec. 2, 1998.

Stanley G. Schneider, Brian Wice, Houston, for Appellant.

Alan Curry, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

*OPINION DISSENTING TO REFUSAL OF APPELLANT'S PETITION FOR DISCRETIONARY REVIEW*

BAIRD, Judge, dissenting.

Resolution of appellant's double jeopardy claim turns on whether the prosecutor intended to goad the appellant into requesting a mistrial or acted with reckless disregard as to whether his conduct would result in a mistrial.

**1.** My review of the record revealed at least eleven instances where appellant asked questions designed to show the mistrial was a result of either intentional or reckless conduct by the prosecutor, and the habeas judge precluded these questions from being asked. See SOF of April 25, · 1997, pp. 70, 80–82, 89–94. Appellant made a Bill of Exceptions on this subject. SOF of April 25, 1997 at pp. 123–124. Among other things, the Bill proves the prosecutor previously physically assaulted another defendant.

**2.** Specifically, appellant's petition presented four grounds for review:
   1) The Court of Appeals erred in failing to address the unobjected to findings of fact made

**I.**

During his final argument, the "[p]rosecutor slapped the defendant on the back with an open hand forcefully." Statement of Facts (SOF)of April 25, 1997, pg. 73. The sound of the striking of appellant's back was loud enough to be heard throughout the courtroom. SOF of April 18, 1997, pg. 10. The sound of the slap was described as making a "loud pop" which "jerked" appellant. SOF of April 25, 1997, pp. 53, 74–75. After the jury began deliberations, appellant moved for a mistrial based on the prosecutor's physical assault of appellant during jury argument. The trial judge granted the motion.

Subsequently, appellant, relying on Federal and State precedent, filed an application seeking pretrial habeas corpus relief contending retrial was jeopardy barred. At the hearing, appellant asked the prosecutor questions to determine the prosecutor's state of mind at the time he assaulted appellant. Even though these questions were clearly relevant to the issue of whether the prosecutor acted intentionally or recklessly, the habeas judge prohibited this line of questioning by sustaining the State's objections as to *relevance.*[1] After the hearing, the habeas judge denied relief. The Court of Appeals affirmed. *Crow v. State,* 968 S.W.2d 480 (Tex.App.—Houston [1st Dist.] 1998). Appellant petitioned this Court for review to determine the correctness of that decision.[2]

For the following reasons, I believe the majority errs in refusing the instant petition.

**II.**

First, we should handle this case in short order. We should establish a bright line rule by the trial court describing the prosecutor's conduct;
   2) The Court of Appeals erred in failing to conduct a de novo review of the law as required by *Guzman v. State,* 955 S.W.2d 85 (Tex.Cr.App.1997);
   3) The Court of Appeals erred in failing to apply properly the double jeopardy standard of review set forth in *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982); and,
   4) The Court of Appeals erred in failing to apply properly the double jeopardy standard of review set forth in *Bauder v. State,* 921 S.W.2d 696 (Tex.Cr.App.1996).

and hold as a matter of law, when a prosecutor resorts to physical violence against the accused in order to obtain a conviction, the trial judge must declare a mistrial, and pursuant to double jeopardy principles, retrial should be barred. Such a rule would send a loud and clear message that prosecutors shall not engage in such "manifestly improper" conduct. *See Bauder*, 921 S.W.2d 696, 700 (Tex.Cr.App.1996) (explaining "... the line between legitimate adversarial gamesmanship and manifestly improper prosecutorial methods should be difficult for most prosecuting attorneys to cross unless they do it on purpose.).

### III.

A mistrial granted as a result of intentional or reckless prosecutorial misconduct bars reprosecution under the United States and Texas constitutions' double jeopardy provisions. *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982) (holding United States constitution's double jeopardy clause bars retrial when mistrial results from intentional prosecutorial misconduct); *Bauder v. State*, 921 S.W.2d 696 (Tex.Cr.App. 1996) (extending Texas's constitutional double jeopardy protection to bar retrial of mistrials declared as result of reckless prosecutorial misconduct). *See also, Bauder v. State*, 974 S.W.2d 729 (Tex.Cr.App.1998) (remanding case to Court of Appeals to apply correct standard of law announced in original opinion, *Bauder*, 921 S.W.2d 696 (Tex.Cr. App.1996)). Because the habeas judge erred in prohibiting questions to determine whether the prosecutor intended to goad appellant into requesting a mistrial or acted with reckless disregard whether his conduct would result in a mistrial, this case should be remanded to the habeas court to provide appellant the opportunity to develop a record sufficient to provide meaningful appellate review of the habeas judge's denial of relief.

3. All emphasis supplied unless otherwise indicated.

4. In fact, there is no mention in the record what facts and circumstances the habeas judge relied on in making its ruling. The habeas judge's finding the prosecutor did not intend to cause the mistrial is merely *implicit*, in that the court denied appellant relief. However, it is important to

### A.

In *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416, the United States Supreme Court held:

> ... [o]nly where the governmental conduct in question [by the prosecutor] is intended to 'goad' the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.

*Kennedy*, 456 U.S. at 676, 102 S.Ct. at 2089. The Supreme Court explained that this standard:

> ... that examines *the intent of the prosecutor*, though certainly not entirely free from practical difficulties, is a manageable standard to apply. It merely *calls for the court to make a finding of fact*. Inferring the existence or nonexistence of intent from objectionable facts and circumstances is a familiar process in our criminal justice system.[3]

*Id.*, 456 U.S. at 675, 102 S.Ct. at 2089. Thus, the Supreme Court recognized this standard, which examines the intent of the prosecutor, is dependant on the *trial court's examination of facts and circumstances*. In fact, the *Kennedy* Court specifically noted it was "[a]fter a hearing at which the *prosecutor testified* the *trial court found as a fact* that 'it was not the intention of the prosecutor in this case to cause the mistrial.'" *Id.*, 456 U.S. at 669, 102 S.Ct. at 2086.

In the instant case, although there was a hearing, at which the prosecutor testified, the habeas judge, by prohibiting appellant's questions of the prosecutor, failed to permit appellant to explore the prosecutor's intent. Because of this, the habeas judge had *no* "facts and circumstances" upon which to base her determination the prosecutor's misconduct was not intended to result in mistrial.[4] *Id.*, 456 U.S. at 675, 102 S.Ct. at 2089. With-

note there is evidence suggesting intentional misconduct which includes the testimony of a reporter for the Houston Chronicle who witnessed the slapping incident and interviewed the prosecutor about the incident: "I asked him [the prosecutor] did you do this as part of your strategy. He said yes."

out any "facts and circumstances" to examine on the issue of the prosecutor's intent, the trial court erred in "[i]nferring the ... nonexistence of intent." *See Id.* Consequently, this matter should be remanded to the habeas court for a hearing wherein parties have the opportunity to develop the facts necessary to resolve the legal issue, pursuant to *Kennedy*, of whether the prosecutor intended, by his misconduct, to goad appellant into requesting a mistrial.

## B.

In *Bauder v. State*, 921 S.W.2d 696 (Tex. Cr.App.1996), this Court extended the Texas Constitution's double jeopardy provision to bar retrial when a mistrial is the result of *reckless*, as well as intentional, prosecutorial misconduct:

> ... a successive prosecution is jeopardy barred after declaration of a mistrial at the defendant's request, *not only when the objectionable conduct of the prosecutor was intended to induce a motion for mistrial, but also when the prosecutor was aware but consciously disregarded the risk that an objectionable event for which he was responsible would require a mistrial at the defendant's request.*

> Under this rule, the prosecutor ... is accountable for mistrials properly granted by the trial judge when the events making a mistrial necessary were of his own *deliberate or reckless doing.* Under such circumstances, mistrial is ... an immediate result of conditions produced by the government's representative which force upon a defendant the expense and embarrassment of another trial unless he is willing to accept an incurably unfair one. When this happens, we think the government should bear responsibility for denying the defendant his right, secured by the Texas Double Jeopardy Clause, to be tried in a single proceeding by the jury first selected.

*Bauder*, 921 S.W.2d at 699. The Court explained the rationale for extending the Texas Constitution's double jeopardy protection:

> ... we do not perceive a distinction of constitutional significance between conduct of a prosecuting attorney in which he intends to cause a mistrial and conduct of a prosecuting attorney which he is aware is reasonably certain to result in a mistrial. Making the constitutional rights of a criminal defendant to turn upon such a fuzzy and imponderable distinction as whether the prosecutor actually intended the trial to be terminated or, being aware that his conduct creates a risk that a mistrial is reasonably certain to occur, consciously disregards that risk seems to us far too insensitive a criterion for decision in these cases. In short, we do not believe that the purpose of the constitutional right here in issue really has anything to do with the prosecutor's specific intent.

*Id.* In *Bauder*, this Court deferred to the trial court to determine whether the prosecutor's conduct was reckless. *Id.*, 921 S.W.2d at 700.

Even though the habeas judge prohibited appellant's questions of the prosecutor regarding whether he acted recklessly in physically assaulting appellant, the habeas judge *implicitly* found the prosecutor's conduct was *not reckless* when it denied relief. The Court of Appeals deferred to this *implicit* finding that the prosecutor's conduct was not reckless. This is baffling because the very purpose of the habeas hearing was to determine whether the prosecutor acted with intentionally or recklessly in physically assaulting appellant. Consequently, an implicit finding on that issue is unacceptable.

## 1.

A prosecutor physically assaulting a defendant during jury argument in order to obtain a conviction, if not done with the intention of goading appellant into requesting a mistrial, is at the very least reckless *per se.*[5] For

---

5. The prosecutor himself, when questioned, cannot rule out that his conduct was reckless:
   DEFENSE: Did you slap Mr. Crow?
   PROSECUTOR: I did.
   DEFENSE: Did anyone force you to do that?
   PROSECUTOR: No, sir. ...

DEFENSE: ... It wasn't accidental?
PROSECUTOR: *No, sir.*
DEFENSE: *Wasn't reckless was it?*
PROSECUTOR: *I don't know.*
   If, however, it is ever appropriate or acceptable for a prosecutor to slap a defendant in front

support of this premise, I need look no further than our opinion in *Bauder:*

> ... *the line between legitimate adversarial gamesmanship and manifestly improper prosecutorial methods should be difficult for most prosecuting attorneys to cross unless they do it on purpose.* Nevertheless, we hold that an attorney representing the State in a criminal action who does manage to cross the line, either deliberately or recklessly, must then forego any further prosecution for the same offense if the trial judge properly grants a mistrial at the defendant's request.

*Bauder,* 921 S.W.2d at 700. Surely, a seasoned prosecutor who conducted training sessions on appropriate jury argument, like the prosecutor in the instant case, knew or, at least, should have known, that physically assaulting the defendant during jury argument was a "manifestly improper prosecutorial method" of oral persuasion, the result of which would be a mistrial. To hold otherwise insults the entire bench, bar and public of this State and means we accept that physically assaulting a defendant during trial is within the scope of acceptable prosecutorial conduct.

## 2.

Second, because he was precluded from asking questions exploring whether the prosecutor acted intentionally or recklessly at the hearing designed to determine those very issues in the context of double jeopardy, appellant was denied a meaningful writ hearing. The habeas judge was wholly ill-equipped to make the necessary factual determination whether the prosecutor's misconduct was intentional or reckless. Nevertheless, the Court of Appeals held "... there is evidence that supports the trial court's *implicit* finding that the prosecutor did not

intentionally or recklessly provoke Crow into moving for a mistrial." *Crow,* 968 S.W.2d at 482. This holding is fundamentally flawed because there can be no "implicit" finding on these issues. Accordingly, we should remand this case to the habeas court for a hearing that permits appellant to ask those questions which will develop a relevant factual basis for his legal claims. Such a hearing would provide the habeas judge an opportunity to make the requisite findings of facts and provide the Court of Appeals a record sufficient for meaningful appellate review.

For these reasons, I dissent to the refusal of appellant's petition for discretionary review.

OVERSTREET, J., joins this opinion.

---

of the jury during the course of a trial, the court should have been permitted the prosecutor to answer appellant's question:
DEFENSE: You think it's permissible for a prosecutor to slap a defendant?
PROSECUTOR: In certain circumstances it might be.
DEFENSE: Like when?
PROSECUTOR: *I don't know.*
DEFENSE: When is it ever permissible for a person to walk up to somebody and hit him when you're in court and you're acting as a prosecutor?
PROSECUTOR: Every time I see you Mr. Schneider I'd like to walk up and slap—
STATE: [To the Prosecutor] Mr. Goodhart I have an objection. I think that's irrelevant Your Honor.
COURT: Sustained....
SOF of April 25, 1997, pp. 91–92.