Opinion issued February 28, 2008















In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00381-CR




BRUCE GLENN MILNER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 50811




O P I N I O N

          Appellant, Bruce Glenn Milner, appeals the trial court’s denial of his
pre-conviction application for writ of habeas corpus. In one point of error, appellant
contends that the State’s prosecution violates his constitutional guarantee against
double jeopardy. 
          We affirm.
Background
          On August 14, 2005, appellant shot his estranged wife, Leza Maddalone, and
his mother-in-law, Debra Sanchez. Maddalone died from the wounds, but Sanchez
lived. The State indicted appellant for the murder of Maddalone


 and the attempted
murder of Sanchez. The murder trial of Maddalone occurred first in cause number
49995. During the guilt-innocence stage of the murder trial, the State presented
evidence that appellant shot Sanchez, including the number of times she was shot and
the nature of her injuries. A jury convicted appellant of murder and assessed his
punishment at life in prison and a $10,000 fine.


 
          After appellant was found guilty of murder, the State proceeded with the trial
for the attempted murder of Debra Sanchez in cause number 50811. Seven days
before the attempted-murder trial, appellant filed a pretrial application for writ of
habeas corpus, claiming a double jeopardy violation. Appellant claimed that he was
put “at risk” because evidence pertaining to the attempted murder was introduced
during the murder trial. The trial court denied the writ of habeas corpus and found
appellant’s double jeopardy claim to be frivolous.


 A jury convicted appellant of the
attempted murder of Sanchez in cause number 50811


 and assessed punishment at 70
years in prison.


 
Analysis
          Appellant contends that the State should not have been permitted to try him for
the attempted murder of Sanchez because that offense had already been proved at the
murder trial of Maddalone. Specifically, appellant argues that trying him for the
offense of attempted murder in a second trial resulted in a violation of his
constitutional right against being placed in double jeopardy.
          Standard of Review
          A trial court’s ruling in a habeas corpus proceeding should not be overturned
absent a clear abuse of discretion. Ex parte Ayers, 921 S.W.2d 438, 440 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). A trial court abuses its discretion when it
acts without reference to any guiding rules or principles. Montgomery v. State, 810
S.W.2d 372, 380 (Tex. Crim. App. 1990). In determining whether a court has abused
its discretion, we view the evidence in the light most favorable to the trial court’s
ruling. Crow v. State, 968 S.W.2d 480, 482 (Tex. App.—Houston [1st Dist.] 1998,
pet. ref’d).
          Double Jeopardy
          The guiding rule and principle determining whether a criminal defendant may
be put on trial twice for the same offense is known as double jeopardy.


 The Fifth
Amendment of the U.S. Constitution states that, “No person . . . shall . . . be subject
for the same offense to be twice put in jeopardy of life or limb.” U.S. Const. amend.
V (emphasis added). The Texas Constitution contains a similar provision: “No
person, for the same offense, shall be twice put in jeopardy of life or liberty, nor shall
a person be again put upon trial for the same offense, after a verdict of not guilty in
a court of competent jurisdiction.” Tex. Const. art. 1, § 14 (emphasis added).
          The protection of the constitutional prohibition against former jeopardy, former
conviction, or acquittal applies only where the second prosecution is for the same
offense as that for which a person has already been in legal jeopardy. See id. The
former trial must have been upon the same criminal act for which the State is again
seeking to prosecute the defendant for double jeopardy to be invoked by a criminal
defendant. See id.
          Fifth Amendment jeopardy questions must be resolved by application of the
U.S. Supreme Court’s Blockburger test,


 which compares the elements of the
offenses—not the conduct involved. Ortega v. State, 171 S.W.3d 895, 899 (Tex.
Crim. App. 2005). To determine whether jeopardy attaches, a court must inquire
whether each offense contains an element not contained in the other. Blockburger v.
United States, 284 U.S. 299, 304, 52 S. Ct. 180, 182 (1932). If a different element
is present, double jeopardy does not attach. Id. at 304, 52 S. Ct. at 182. However, if
each element of the offense in the first indictment is identical to the offense in the
second indictment, double jeopardy attaches and bars successive prosecutions. Id.           Here, the two offenses had different victims and, in addition, the two
offenses—murder and attempted murder—are statutorily distinct from one another. 
Murder requires that the victim “intentionally or knowingly causes the death of an
individual,” whereas attempted murder requires that the accused “does an act
amounting to more than mere preparation that tends but fails to effect the commission
of the offense intended.” Compare Tex. Pen. Code Ann. § 19.02 with Tex. Pen.
Code Ann. § 15.01. 
          In cause number 49995, appellant was indicted, convicted, and sentenced for
the murder of one individual, Maddalone. In cause number 50811, appellant was
indicted, convicted, and sentenced for the attempted murder of a different individual,
Sanchez. Under the Blockburger test, the murder trial did not put appellant in double
jeopardy when he was later tried for the attempted murder of a different person. We
conclude that the trial court did not abuse its discretion in finding that these were
different and separate offenses, and appellant was not put in double jeopardy by being
prosecuted for an offense of which he had already been convicted.
          Appellant also argues that the testimony regarding the extraneous offense—the
shooting of Sanchez—during the guilt-innocence phase of the murder trial violated
his double jeopardy rights. We disagree.
          In United States v. Felix, Felix was prosecuted and convicted in a Missouri
federal district court for attempting to manufacture methamphetamine in that state. 
503 U.S. 378, 380, 112 S. Ct. 1377, 1379–80 (1992). To prove his intent in the
Missouri prosecution, the government introduced evidence that Felix had previously
manufactured methamphetamine in Oklahoma. Felix was later tried and convicted
in an Oklahoma federal district court for manufacturing and possessing
methamphetamine in that state. Much of the evidence introduced at the Oklahoma
prosecution had been previously introduced at the Missouri trial. The United States
Court of Appeals reversed the Oklahoma conviction on double jeopardy grounds. 
United States v. Felix, 926 F.2d 1522 (10th Cir. 1991). The Supreme Court reversed
the court of appeals, holding that no double jeopardy violation occurred: 
The court [of appeals] found it decisive that the Government had
introduced evidence of Felix’s involvement in the Oklahoma lab to help
show criminal intent for purposes of the Missouri trial. But it is clear
that, no matter how much evidence of the Oklahoma transactions was
introduced by the Government to help show Felix’s state of mind, he
was not prosecuted in the Missouri trial for any offense other than the
Missouri attempt offense with which he was charged. Thus, the Court
of Appeals holding must rest on an assumption that if the Government
offers in evidence in one prosecution acts of misconduct that might
ultimately be charged as criminal offenses in a second prosecution, the
latter prosecution is barred under the Double Jeopardy Clause. 
 
          But such an assumption is not supportable; our precedents hold
that a mere overlap in proof between two prosecutions does not establish
a double jeopardy violation.
 
. . . . 
 
At the Missouri trial, the Government did not in any way prosecute Felix
for the Oklahoma methamphetamine transactions; it simply introduced
those transactions as prior acts evidence under [Fed. R. Evid.] Rule
404(b). The Government was therefore free to prosecute Felix in the
trial below. . . .

Felix, 503 U.S. at 385–87, 112 S. Ct. at 1382–83.
          Here, just as in Felix, information regarding the extraneous offense (the
attempted murder) was elicited during the guilt-innocence stage of trial. Although
appellant did not assert an objection to the testimony, we observe that such evidence
would have been admissible as same transaction contextual evidence. See Tex. R.
Evid. 404(b). Same transaction contextual evidence imparts to the trier of fact
“information essential to understanding the context and circumstances of events
which, although legally separate offenses, are blended or interwoven.” Camacho v.
State, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993). As such, same transaction
contextual evidence is admissible “not for the purpose of showing character
conformity, but to illuminate the nature of the crime alleged.” Id. In accordance with
Felix, the State prosecuted appellant in cause number 50811 for murder and
extraneous offense acts were admissible as same transaction contextual evidence. 
Thus, the State did not previously try appellant for the attempted murder of Sanchez,
and it was free to prosecute appellant for the attempted murder in this cause of action. 
See Felix, 503 U.S. at 388, 112 S. Ct. at 1382–83. Because he was not prosecuted for
the extraneous offense of the attempted murder of Sanchez in his trial for the murder
of Maddalone, double jeopardy protection is not implicated under either the United
States or Texas Constitutions and appellant’s constitutional right guarantee against
double jeopardy is therefore not violated. See Ex parte Broxton, 888 S.W.2d 23, 28
(Tex. Crim. App. 1994).
          We overrule appellant’s sole point of error.
 
 
 
 
Conclusion
          We affirm the trial court’s order that denied habeas corpus relief.
 
 

 
                                                             Evelyn V. Keyes
                                                             Justice

Panel consists of Justices Nuchia, Jennings, and Keyes.
Publish. Tex. R. App. P. 47.2(b).